William T. USELTON; W.D. Hupp; C.J. Dowling; Kenneth Miles; G.D. Jeffcoat; Jack Wilson; K.D. Witt; Paula Rosa; Johnny S. Hunt; James A. Mason; Robert E. Stuart; Jerry Don Casey; Maurice Uhrmacher; Loyd A. Duncan; Vernon Jordan; Hubert D. Williamson; J.W. Haris; D.L. Haralson; Harvey Leo Hess; Wood G. Ishmael; Harold W. Summers; Charles E. Stockton; Joe C. Gray; Earl G. Jackson; E.L. Whilhock; Melvin Carpenter; Robert T. Keener; Troy G. Carson; Jack L. Blankinship; Carl L. Davidson; J.F. Maxwell; Paul M. Warren; Jay W. Harned; E.H. Coulter; Earl E. White; Cleo C. McDaniel; Bobby F. Stansbury; Bill J. Anderson; Daniel A. Denny; Carl Lee Wilson; Leroy Barrett; James E. Lee; Donald L. Butler; L.W. Gonzales; Daisy "Maurene" Davis; Keith W. Braul; Jerry L. Edgemon; Gilbert L. Robles; Loyd E. Courtney; Hollis M. Mauldin; Johnny L. Johnson; Carmel M. Doern; Tom

850

Thelkeld; T.L. Jones; Kenneth W. Hays; Jackie Jones; William Donley; Howard L. Mitchell; Earl D. Denton; Stanley R. Gomes; Jack P. Rowland; K.L. Billingsley; Earl L. Woffard; D.TD. Frizell; H.W. Richardson; Donald Kendrix; Betty Cox; James M. Woodward; Frank Thomas; Donald R. Winter; Jack Yarbrough; Finis M. Yocum; Tommy L. Kirkland; John A. Moyshen; Harold Allison; Marion McClelland; Leslie R. Walcher; Lloyd Fortune, Sr.; B.C. Evans; Raymond B. Horn; Leeha McCormick; Pete Wolf; Leon Hancock; William Anderson; Robert G. Porter; Eldon W. Bishop; E.B. Copeland; D.K. Hanshue; E.G. Dedmon; Leslie R. Walcher; Carl L. Holman; Kenneth W. Jackson; Joel Robinson; Charles Pemberton; Bruce O. Smith; T.D. Jack; James T. Johnson; Willie G. Loudermilk; Raymond Horn; George C. Tsoodle; Gerold L. Goad; B.J. Burrell; D.Y. Qualline; Frances M. McKye; Alonzo Anderson; Hoarce E. Reeves; Betty Moore; Billy R. Jenkins; Jerry A. Warren; C.J. Womack; Johnny Ballard; Kelley Ruminer; Deborah Yandell; Robert Ferguson; Claudie C. Weaver; John O. Stanley; William R. Bricker; Elen H. Spiva; Phillip Horne; Earl V. Griffin; Anna M. Burkett; James E. Neal; James McCampbell; Valorie Booker; J.W. Rackley; Ronnie J. Steward; Clarence Burns; John L. Knapp; Ramon L. Wolfe; W.A. Smith; Alan Prudhome; James E. Thompson; Henry S. Baxter; Patsy R. Brock; Larry Joe Stafford; Daniel Looney; Donald T. Kendrix; Ruel L. Monroe; Randall Johnston; Douglas Webb; Roger L. Smith; Benny Shumway; Bobby Johnson; Theal Crews; Arnett Richardson; Junior Lee Golden; Jim Bob Keith; Bob L. Wilkerson; Jerry R. Kennedy; James L. Freeman; Marvin E. Meek; Leroy Gray; Leroy Hill; Lealus Thomas; A.W. Barnett; Donald L. Mayfield; Jimmie Masters; Jmwa E. Poerwe; James E. Young; Rickey D. Allen; William W. Partin; James E. Vap; Edith J. Vap; John Reynolds; Arthur Golden; Joe C. Nixon; Willie Joseph; John H. Heil; Donald H. Brechinsen; James Altizen; William T. Wimmer; I.B. Boyd; E. Ferrell Bussing; Jimmie L. Williams; Roy J. Sassano, Sr.; Eleanor C. Mowery; Eugene D. Rider; George W. Baldwin; Garland R. Hooper; Earl Joslin; Karen Nydick; Gerold Wagner; L.V. Foreman; Don Lepley; E.J. Fidler; Claude W. Worley; Fred M. Silver; Herbert L. Keith; Carl E. Davis; Paul Goodman; Ronald C. Caudill; William P. Dodd; Dennis W. Crews; Willis D. Keesee; Jerry D. Bass; R.T. Skelton; Delbert D. Utsler; Don E. Bailey; Howard Whittenberg; Marcia C. Long; A.C. Phillips; Jo Ann Martin; Leon Combs; Jerry C. Forbes; J.R. Bishop; Billy Reeves; Farrell J. Pickens; James Rushing; Richard Howells; Lawrence Shelton; Charles Huckabee; Jmwa Axheowswe; Thomas Jaramillo; J. David Smith; W.T. Young; Carl H. Davison; Sharon Key Harris; Lew F. Fresdonke; Joe Knapp; Lesley E. Chapman; R.D. Bivins, George W. Barton; Marion A. Neal; Rebecca Crawford; Deatron I. Morgan; W.H. Nevels; Jim Oliver; Clarence E. Smith; Robert Wilson; Linda Lekawski; Michael P. Fundstein; Jerry L. Bender; William D. Beery; Donald M. Larson; William J. Azlin; Dwight W. Rogers; Judy A. Rogers; Walter R. Lewis; Charles Huckaboy; Barbara Harwell; Rebecca Pearson; Molly Hoffman; Patricia McCanlies; K.E. Sterrett; Thurman B. Nelson; Nelda M. Carroll; Johnny Wallace; Guadalupe Rodriguez; Raymond Davey; L.V. Davis; Bobby D. Price; Gary L. Passon; Lanora Workman; John Davenport; Jimmie D. Jennings; Leo Scruggs; Dallas Niblock; Leo Suggs; Stanley W. Moore; John D. Horn; Anthony Spitzley; Manuel Sena; James F. Ayres; Daniel A. Sikorsky; Albert E. Oyos; C.D. Ridgley; Earl Greene; Salvador C. Perez; Cesar B. Sheen; Joe Manuel; Benjamin Saenz; Arturo C. Marquez; Edward Lavelle; Robert Rognon; Bernardo Saenz; Protacio S. Abrego; Steven Moylan; Carl M. Lavender; Ruben D. Cota; Manuel F. Gamez; Narcizo Reaza; Frank M. Hernandez; Ronald Murdock; Jesse

Terrazas; Jimmie Rodriguez; Manuel R. Barrera; Howard Wing; Robert R. Contreras; Joe C. Nixon; Oscar J. Munoz; Theresa A. Wright; Dora Perkins; W.H. Hohensee; W.R. Gunn; Bob Kwnnixurr; Kenneth D. Williams; Javier Adame; Manuel M. Holquin; Harry Hill; Rick Skinner; Harold Mitchell; Vince Wolpoff; Warren Yoder; William Salinas; John D. Lent; Carl Christiansen; J.M. Ferez; Lisardo Jaramillo; Henry L. Hoskison; Bill Bass; Bob Rognon; Fred Walling; Hector R. Mendoza; Martin Bautista; Daniel A. Merkle; Roger A. Peterson; Jack L. Bynum; Joel E. Henderson, Sr.; Marvin L. Wright; C.R. Blades; Rolondo L. Galindo; Esequiel Barcena; Floyd L. Biddlecome, Sr.; Ramon A. Rodriguez; Ruben Williams; Alva J. Chaney, Jr.; Ceasar Val Verde; Gilbert Hernandez; Victor Juarez; John L. Washington; David L. Carney; Thomas Jaranille; James D. Weston; Ronald R. Murdock; Tony C. Gonzales; Richard A. Sanchez; Shirley F. Bennett; Bobby Derring; Fulton Marks, Jr.; Adolfo Elias, Jr.; D. Patrick Wright; Norman E. Cardwell; Robert M. Ferguson; Don R. Wheeler; J. Brannon; Robert A. Wesley; Alvin D. Fitzgerald; James E. Rowe; Alfred M. Martinez; Berry R. Raymondo; Carroll C. Abel; Oscar G. Powell, Jr.; Alvin W. Green; Huey A. Fredeiu; Ben Saenz; Harold R. Dagne; Britt Ingrid Keith; Robert M. Turner; Byron A. Bouchelle; Carl F. Davis; Jerry I. Poindexter; Lee Roy Houston; Clinton H. Reynolds; Nib E. Hill; David R. Hines; C.G. Olson; Cleophos Frost; Bobby G. Decker; James Long; Lorita A. Goya; Wayne T. Wells; Gerald A. Luton; Harold Shea; Johnnie T. Henson, Jr.; Opal Lee Broussard; Homes Kimble; Jerry Nohnager; Judy A. Rogers; Ilona Garrison; Edward A. King, Alyce L. King; Evert L. Carroll; Ben H. Marshall; Shirley J. Lamb; John William Edwards; Maurice Cannon; Leroy Phelps; J.D. Burkhalter; Rickki L. Barnes; Bob J. Sharber; William D. Sandell; William E. Shockley; Don Cutler; Nancy A. Bomhoff; Vaughn Bryant; Warren Rex Chapin; Herman L. Klaus; Willie L. Wixom; Billy O. Hawkins; Jack D. Edwards; Rita Henry; Carl Holiday; Douglas Messel; Diane J. Trigg; Tommy A. Howard; Norvell Lancaster; Bobby Bowling; P.J. Warren; Robert C. Anderson; Doyle C. Adams; Glenn D. Christians; Willard Terry; Bill Stewart; Jimmy King; Richard Borne; Johnny Warmoth; Franklin A. Nieley; Charles Norton; Glen Layton; Leo Thompson; D.L. Loman; Marland Glover; Bobby Bennett; Jery Chronister; Lawrence White; Donald Fitz; Odis Ward, Plaintiffs,

v.

COMMERCIAL LOVELACE MOTOR FREIGHT, INC., doing business as Lee Way Motor Freight, Inc., also known as C.L. Motor Freight; M.T. Alcox; W.D. Persavich; C.C. McCracken; N.L. Ingrum; H.J. Hill; G.W. McIntyre; Pepsico, Inc., doing business as Lee Way Motor Freight, Inc., a Delaware corporation, individually; S.E. Schroder; Lawrence F. Dickie; Judy Norman Davis; James English; Richard Campbell, Defendants.

E.W. KELLER; Joseph C. Long; Trent W. Keller, Movants–Appellants,

v.

Douglas EASON, Appellee.

No. 93–6068.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1993.

Joseph C. Long, Norman, OK, and E.W. Keller and Trent Keller, Keller, Fernald & Keller, Oklahoma City, OK, for movants-appellants.

David Pomeroy, Fuller, Tubb & Pomeroy, Oklahoma City, OK, for objecting class members.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

LOGAN, Circuit Judge.

This appeal concerns the proper award of attorneys' fees out of a common fund created when the plaintiff class settled its underlying litigation with defendants. Class counsel, appellants herein, submitted a fee request for fifty percent of the settlement fund, which was formally opposed by separate counsel

---

* The Honorable John L. Kane, Jr., Senior United States District Judge, United States District Court for the District of Colorado, sitting by designation.

representing class members who objected to the request.[1] Following a hearing, the district court awarded class counsel twenty-nine percent of the fund, or $507,500. Class counsel moved for reconsideration of that award, while objecting counsel requested a fee for services in preserving the common fund for the benefit of the whole class. The district court denied class counsel's motion and awarded objecting counsel a fee of $14,427.49. Class counsel appeal from both rulings.[2] We affirm.

## I

In *Brown v. Phillips Petroleum Co.*, 838 F.2d 451 (10th Cir.), *cert. denied*, 488 U.S. 822, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988), this court distinguished common fund cases from statutory fee cases and recognized the propriety of awarding attorneys' fees in the former on a percentage of the fund, rather than lodestar, basis. *Id.* at 454–56; *accord Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1268 (D.C.Cir.1993); *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir.1991). We reconfirmed, however, the existing requirement that the district court determine the reasonableness of the fee and articulate specific reasons for its findings. *Brown*, 838 F.2d at 454. We also reaffirmed the relevance of the twelve factors originally developed for statutory fee determinations in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), noting that their applicability and weight in common fund situations would undoubtedly be different. *Brown*, 838 F.2d at 454, 456.

Class counsel urge us to revisit the common fund considerations addressed in *Brown* and reformulate our approach to the reasonableness question in addressing their fee claim. Specifically, class counsel advocate a three-pronged test (class benefit, litigation risk, and professional hours and expenses) they consider exemplified by *In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297 (N.D.Ga.1993). Actually, the district court in *Domestic Air* did not limit its analysis to these points, but followed Eleventh Circuit precedent and determined the appropriate percentage of the fund fee in a manner quite similar to *Brown*. *See* 148 F.R.D. at 350–57 (examining several pertinent *Johnson* factors supporting award); *see also Camden*, 946 F.2d at 775 ("*Johnson* factors continue to be appropriately used in evaluating, setting, and reviewing percentage fee awards in common fund cases"). We will not involve the entire court in an attempt to improve upon the approach carefully set out in *Brown*. *See United States v. Jones*, 933 F.2d 807, 812 (10th Cir.1991) (prior panel decisions are binding and may only be overruled en banc).

Class counsel raise a second preliminary point, regarding our standard of review. Fee determinations are subject to reversal only for an abuse of discretion. *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1480, 1481 (10th Cir.1993). Class counsel assert that a less deferential review standard is appropriate when, as here, the district judge who made the fee award did not preside over the case for a significant period of time before making that award. We will not assume the district court was less able to render a decision consistent with the applicable law because that court presided over less than the entire proceeding. *See Swedish Hospital Corp.*, 1 F.3d 1261, 1272 ("We can hardly imagine a more futile and foolhardy endeavor than struggling to review each district court's degree of familiarity with a case to decide how much deference to grant its findings and conclusions."). Accordingly, we consider only whether the district court "made a clear error of judgment or exceeded the bounds of

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Although only class counsel E.W. Keller and Joseph Long were named in the notice of appeal, the third attorney representing the class, Trent W. Keller, was included as an appellant in the docketing statement. Because the latter was filed within the time allotted for commencing appeal, Trent W. Keller's participation in this appeal was thereby secured. *See Hubbert v. City of Moore*, 923 F.2d 769, 772 (10th Cir.1991).

permissible choice in the circumstances." *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991) (quoting *United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986), for abuse of discretion standard). We see nothing in the record to indicate the district court failed to carefully and adequately familiarize itself with this litigation before rendering the fee award.

## II

Class counsel contend that the district court erred in (1) failing to apply all of the *Johnson* factors, (2) relying on other, improper considerations, and (3) approving a fee devoid of support in the record. None of these objections is well taken.

■ This court expressly recognized in *Brown* that "rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Brown*, 838 F.2d at 456. Further, the district court's findings, which are more extensive than those approved in *Brown*, reflect explicit consideration of all but two of the *Johnson* factors. *See* Supp.App. tab 26, at 108–16. We will not second guess the district court's judgment that those two, time constraints and the nature of counsel's relationship with the client, would have added little to its analysis.

■ Noting that much of the common fund monies at issue in this fee dispute were freed up by the failure of potential claimants to join the plaintiff class, the district court characterized its primary task as distributing this available money fairly between class counsel and the class. *Id.* at 116–17. The district court decided that the majority of the money should go to class members, who had lost the benefit of their funds for nearly ten years, rather than class counsel, who would still receive a fee comparing favorably with awards made in similar cases. *Id.* at 117–18. Class counsel object that this analysis is improper under our prior decisions. To the contrary, the district court appropriately assumed its role as " 'fiduciary for the beneficiaries' of the fund," *Brown*, 838 F.2d at 456 (quoting Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 251 (1985)), to properly "deter-

mine a reasonable fee by weighing the appropriate interests of the beneficiaries in light of the efforts of counsel on their behalf." *Id.*

Following a reasoned discussion of pertinent considerations, the district court arrived at a percentage near the top of the range for comparable common fund cases. *See Brown*, 838 F.2d at 455 n. 2 (collecting cases); *Swedish Hospital Corp.*, 1 F.3d 1261, 1265–66 (same); H. Newberg, *Attorney Fee Awards*, § 2.08, § 2.32 Chart (1986 & Supp.1993) (same). Class counsel argue this determination is unsupported by the evidence. We have reviewed the record mindful of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), and disagree. We affirm the district court's award.

## III

■ After awarding the twenty-nine percent fee to class counsel, the district court found objecting counsel "entitled to attorney fees based on the valid objections ... to class counsel's request for 50% of the settlement amount and on the benefit conferred upon the class as a whole." Supp.App. tab 23, at 2. Accordingly, the district court awarded objecting counsel $14,427.49 from the common fund. Class counsel assert several challenges to this award. We hold they lack standing to appeal this issue.

■ Standing is a jurisdictional issue that may be raised by the court at any time. *Board of County Comm'rs v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir.1993). To have standing, one must be aggrieved by the order from which appeal is taken. *Concorde Resources, Inc. v. Woosley (In re Woosley)*, 855 F.2d 687, 687–88 (10th Cir.1988). Counsel have standing to appeal from orders issued directly against them, *see, e.g., Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.) (sanction imposed against counsel), *cert. denied*, —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991), but not from orders applicable only to their clients, *see, e.g., Pontarelli v. Stone*, 978 F.2d 773, 775 (1st Cir.1992)

(client's entitlement to attorneys' fees from opposing party); *Kapco Mfg. Co. v. C & O Enter.*, 886 F.2d 1485, 1494 (7th Cir.1989) (client's motion to disqualify opposing counsel); *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1127 (2d Cir.1989) (sanction imposed against client); *Soliman v. Ebasco Servs., Inc.*, 822 F.2d 320, 323 (2d Cir.1987) (client's entitlement to prejudgment interest), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). Here, the fee awarded to objecting counsel came out of the common fund remaining after payment of class counsel's fee. Only the plaintiff class, none of whose members is a party to this appeal, could be considered aggrieved by that award. Thus, this portion of class counsel's appeal is dismissed.

## IV

Objecting counsel have requested an award of fees and costs for the successful defense of this appeal. "Those who object to ... a fee award or who take an appeal may be entitled to attorneys' fees if the court in its discretion finds that the objections were valid or otherwise conferred class benefits, and ... the appeal resulted in a 'net' benefit to the class." H. Newberg, *Attorney Fee Awards* § 2.24, at 86–87 (footnote with citations omitted). Objecting counsel are entitled to an award under this standard, and we remand for a determination of the appropriate amount.

The judgment of the district court is AFFIRMED in part, the appeal is DISMISSED in part, and the cause is REMANDED for an award of appellate fees to counsel for objecting class members.

