**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

MIDGARD CORPORATION,

Debtor.

_____

MIDGARD CORPORATION,

Plaintiff-Appellant,

v.

PAUL TODD, CUSTOM CUTTING
MILLWORKS INCORPORATED
and TODD'S RECYCLING
CENTER INCORPORATED,

Defendants-Appellees.

Nos. 96-6016, 96-6017
(D.C. Nos. CIV-94-2073-T &
CIV-94-2072-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

_____

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

This appeal challenges the bankruptcy court's imposition under Bankruptcy Rule 9011 of sanctions of $500 each, payable to the court, against debtor Midgard Corporation's president, David Personette, and its attorney, Wilburn C. Hall, for bringing an adversary proceeding against defendants that was not well-grounded in law or fact. (The merits of the adversary proceeding are addressed in a separate appeal, No. 96-6018.) Midgard itself was not sanctioned because the bankruptcy court expressly chose not to further burden the estate. However, Midgard is the appellant here, as it was in the district court. The district court questioned its jurisdiction over the sanctions imposed on Hall, but entered orders affirming the imposition of sanctions on both Hall and Personette.

Defendants have moved to dismiss the appeal because Midgard itself was not sanctioned and therefore lacks standing to appeal. Midgard contends that it is the "real party in interest" and that "[a]ll related sanction rights, titles, interests or expectancies have been disclaimed" by Hall and Personette in favor of Midgard. Appellant's response to appellees' motions to dismiss at 1. It also contends that the district court "ratified" its interests by ruling on the matter. Id.

-2-

Standing is a jurisdictional issue that can be raised at any time. See Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993). Federal courts have only limited jurisdiction, and when the record discloses that the district court lacked jurisdiction to address the merits of a case, we will correct the district court's error. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); see also Deyhimy v. Rupp (In re Herwit), 970 F.2d 709, 709-10 (10th Cir. 1992) (dismissing appeal where district court lacked jurisdiction over appeal from bankruptcy court, even though district court addressed merits of appeal). Thus, the district court here could not have "ratified" Midgard's standing if Midgard lacked standing to begin with.

We conclude Midgard did lack standing. "To have standing, one must be aggrieved by the order from which appeal is taken." Uselton, 9 F.3d at 854. The imposition of sanctions against Hall and Personette personally did not aggrieve Midgard. We note that Midgard cites no authority for the interesting proposition that a party can assign its rights or interests in being sanctioned.

The district court orders affirming the imposition of sanctions are VACATED. Appellees' motion to dismiss these appeals is GRANTED.

Entered for the Court

Stephen H. Anderson
Circuit Judge