**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NORMAN LAW, et al., individually
and on behalf of all others
similarly situated; DOUG
SCHREIBER, et al., individually and
on behalf of all others similarly
situated,

        Plaintiffs-Appellees,

COTKIN & COLLINS and
MORRISON & HECKER,

        Appellees,

v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

        Defendant-Appellee,

GERALD I. ROTH,

        Movant-Appellant.

No. 99-3353
(D.C. No. 94-CV-2053-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

     *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Gerald Roth was an attorney of record for plaintiffs in the two underlying class action antitrust suits against the NCAA.  Appellees, two law firms, also represented the plaintiff classes.  When the two suits settled, appellees moved for an award of attorneys' fees and expenses, requesting a combined fee award for all counsel of one-third of the common fund created by the settlement.  In their motion, appellees noted that they could not reach an agreement with appellant about the apportionment of the requested combined fees.  Appellees further stated they would rely on the court to award appellant a reasonable amount of fees, and suggested an amount equal to the fees appellant sought in an interim fee application.  Appellant's App. at 291, 308-09.  Appellant filed his own motion with the  district court , supporting appellees' request for a combined fee award of one-third of the common fund, but disagreeing with their proposed apportionment.  The district court  held a hearing on the matter, and awarded appellant the amount

suggested by appellees, offset by an amount paid on an earlier interim fee application. Appellant challenges the district court 's ruling on appeal.

This court asked the parties to brief the issue of appellant's standing to bring this appeal, in light of *Howard v. Mail-Well Envelope Co.* , 150 F.3d 1227 (10th Cir. 1998), and *Uselton v. Commercial Lovelace Motor Freight, Inc.* , 9 F.3d 849 (10th Cir. 1993). Appellant contends that these cases are distinguishable, and that he has standing because he is directly aggrieved by the district court's order. Appellees argue that appellant has standing only to challenge the combined fees award of one-third of the common fund, which he has not done. They further assert that he cannot challenge the apportionment of the combined award because he lacks standing to argue that the fees awarded to appellees are too high.

We agree with appellant that he has standing here. Appellees' argument that appellant has standing only to challenge the combined fee award contradicts this court's ruling that only aggrieved parties have standing to appeal from a fee award coming directly out of the common fund. *See Uselton* , 9 F.3d at 855. Appellant is not aggrieved by the combined fee award and does not seek to challenge it. Appellees' second argument, that appellant doesn't have standing to challenge the fees apportionment because it would affect the amount of fees awarded to them lacks merit because it goes against the premise that counsel have standing to appeal from orders which are issued directly against them. *See Weeks*

-3-

*v. Indep. Sch. Dist. No. I-89,* 230 F.3d 1201, 1207 (10th Cir. 2000); *Uselton,* 9 F.3d at 854. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See First Nat'l Bank of Turley v. FDIC*, 196 F.3d 1186, 1187 (10th Cir. 1999).

The parties also differ about the standard of review applicable to the district court 's apportionment of attorneys' fees. Appellant characterizes his challenge to the district court 's ruling as a legal issue of first impression in this circuit and contends that we should exercise plenary review. Quoting from the hearing transcript, [1] appellant contends the district court erred when it concluded that certain of his efforts and activities in connection with the class action suits, such as class communications, lobbying, and press releases, were not compensable. *See* Appellant's Br. at 9-10 (quoting Tr. at 40-41).

We disagree that appellant's challenge is a legal one. "To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or enhanced the adversarial process." *Petrovic v. Amoco Oil*

---

[1] Because appellant's contentions on appeal are based on the reasoning and analysis of the district court in the hearing on attorneys' fees, our review of his claims would not have been possible without a transcript of that hearing. Appellant failed to include a transcript in his appendix. *Cf. King v. Unocal Corp.*, 58 F.3d 586, 587 (10th Cir. 1995) ("It is the appellant's responsibility to provide us with a proper record on appeal."). However, because appellees attached a copy of the transcript to their jurisdictional brief, we were able to perform the necessary review.

*Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999). Review of the entire hearing transcript reveals that, prior to the comment on which appellant relies, the district court read from an order it had been prepared to enter on appellant's second interim fee application just prior to the cases' settlement. Therein, the court found: "the record contains no credible evidence that such activities resulted in any substantial benefit to the plaintiff classes in this litigation." Tr. at 32. It is clear that the district court's analysis and rejection of appellant's fee request for these activities proceeds from this conclusion. Therefore, despite its later comments that such activities were not compensable, and contrary to appellant's argument, it is clear that the district court considered these activities and concluded appellant deserved no compensation for them--a determination left to the court's discretion.

"In class actions, the district court has broad authority over awards of attorneys' fees; therefore, our review is for an abuse of discretion." *Hayes v. Haushalter (In re FPI/Agretech Sec. Litig.)*, 105 F.3d 469, 472 (9th Cir. 1997). A court can abuse its discretion if its rulings are based on an erroneous legal conclusion or lack rational support in the record. *Id.* Appellant argues that, in light of his efforts in originating the litigation and other contributions, his fee award was too small in comparison with that given to appellees. Our review of the hearing transcript leads us to conclude that the district court's findings were

amply supported and therefore the court did not abuse its discretion in determining the amount of fees to be awarded appellant.

Nor did the court's award based on the amount sought in appellant's second interim fee application constitute use of a fee-shifting analysis, as appellant further contends. It is clear from the hearing transcript that the court intended to deny appellant's second interim fee application in its entirety. Tr. at 32. The district court further stated its opinion that appellees' suggestion to award appellant the amount of the second interim fee application was "incredibly generous." *Id*. at 33. Accordingly, although it concluded the amount requested in appellant's interim fee application was a reasonable final attorneys' fee award, the court did not "essentially determin[e] that [appellant] should be compensated on the basis of the hours he submitted to the court to justify interim compensation," as appellant asserts. Appellant's Br. at 14. Therefore, the court did not impermissibly set off against this final award the amount that appellant had been paid on his first interim fee application.

We reject appellant's argument that he should benefit from the treble damages provisions of the antitrust statute. The underlying cases were settled; there was no damages award here and therefore no application of the treble damages provisions. Appellant also argues that a larger fee award would be "mandated" had the district court properly considered the factors set out in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994) (listing factors); Appellant's Br. at 16. Although the district court did not expressly address the factors, the hearing transcript demonstrates that it considered fully the nature, extent, and value of appellant's contributions to the underlying lawsuits, matters which include and define many of the *Johnson* factors. "We have never held that a district court abuses its discretion by failing to specifically address each *Johnson* factor." *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

We agree with appellees that reasonableness is the goal of attorneys' fees awards, *see Gottlieb*, 43 F.3d at 482. Appellant has not demonstrated that the fee awarded him was unreasonable in light of the district court's findings and other evidence in the record. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge