**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-1514

GEORGE E. KERSEY,

Appellant.

_____

FERRARIS MEDICAL, INC.,

Plaintiff.

_____

RUSCH, INC.,

Plaintiff, Appellee,

v.

AZIMUTH CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

George Kersey on brief pro se.
Anne S. Mason on brief for appellee Azimuth Corporation.

January 9, 2004

**Per Curiam**.  Plaintiff Ferraris Medical, Inc., the original plaintiff below, brought this action against defendant Azimuth Corporation alleging trade-dress infringement and related claims. The district court ruled in Azimuth's favor on all counts and later granted Azimuth's motion for attorney's fees, in an amount to be determined following further proceedings.  With Ferraris having been replaced as plaintiff by its successor-in-interest Rusch, Inc., the parties then agreed to the amount of attorney's fees to be paid by Rusch to Azimuth.  As part of that settlement, Rusch agreed to forgo its right to appeal from the fees award and from the decision on the merits.  The instant appeal is instead brought by Attorney George Kersey, who represented Ferraris below before being suspended from the practice of law.  Describing himself as a real party in interest, Kersey seeks to appeal from the district court's rulings on his own behalf.  We find that he lacks standing to do so and accordingly dismiss for want of jurisdiction.

The general rule is that "[c]ounsel have standing to appeal from orders issued directly against them, but not from orders applicable only to their clients."  Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993) (internal citations omitted).  For example, we have held that "an attorney lacks separate standing to appeal from a judgment awarding or denying fees to a party, since such concessions are granted to parties, not their attorneys."  Pontarelli v. Stone, 978 F.2d 773,

775 (1st Cir. 1992); accord, e.g., Benitez v. Collazo-Collazo, 888 F.2d 930, 933 (1st Cir. 1989). By contrast, when a monetary sanction is assessed against an attorney personally, only the attorney "possess[es] standing to appeal from the order," DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 919 (1st Cir. 1992); the client ordinarily has "no pecuniary or . . . other sufficient interest in the award to confer standing to appeal," Marshak v. Tonetti, 813 F.2d 13, 21 (1st Cir. 1987). This framework fails to endow Kersey with the requisite standing, since neither the order awarding attorney's fees nor the parties' settlement made any mention of Kersey being personally responsible for the payment thereof.

At the same time, we have recognized the possibility that "special circumstances" or "an idiosyncratic set of facts" might serve to "deflect the rule's accustomed sweep." DCPB, Inc., 957 F.2d at 919 (internal quotation marks omitted). Kersey seeks to invoke such an exception by contending, for the first time in his reply brief, that Rusch has sought reimbursement of the fees award from him. We find the eleventh-hour nature of this assertion to be troubling. Kersey's explanation for omitting any discussion of standing from his opening brief--that he was "not aware" that such an issue would arise--strikes us as unpersuasive, given that Azimuth sought to dismiss an earlier appeal by Kersey on that very ground and, in jettisoning that appeal, we expressly left the

-3-

standing question unresolved. As a result of this omission and related inaction on Kersey's part,[1] Azimuth has been deprived of the opportunity for rebuttal.

Even apart from the question of timing, however, Kersey's reimbursement rationale proves unavailing. For purposes of standing, "injury-in-fact must involve an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Sea Shore Corp. v. Sullivan, 158 F.3d 51, 55 (1st Cir. 1998) (internal quotation marks omitted). Kersey's contention cannot pass muster under this test. He has provided no particulars concerning the nature of Rusch's alleged demand for reimbursement. He has not suggested that he has made any such payment, nor has he identified any perceived obligation (much less announced any intention) to do so. And because he has not described the legal basis if any for Rusch's demand, we have no way of gauging the likelihood that such reimbursement will be forthcoming or at least actively pursued. Under these circumstances, Kersey's allegation is too conclusory, and the anticipated injury-in-fact too conjectural, to endow him with standing to appeal.

---

[1] His assertion that he "never received a copy" of Azimuth's motion to dismiss the instant appeal for lack of standing is also problematic. Kersey was listed in the motion's certificate of service with the correct address. Moreover, even after supposedly learning about the motion from Azimuth's brief, Kersey still filed no response thereto. We note that in Kersey's earlier appeal, a motion to dismiss filed by Azimuth likewise went unanswered.

<u>Dismissed</u>.