**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UFCW LOCAL 880-RETAIL FOOD
EMPLOYERS JOINT PENSION
FUND, on behalf of itself and all
others similarly situated; JOHN S.
CHAPMAN, individually and on
behalf of all others similarly situated;
ZOE MYERSON, individually and on
behalf of all others similarly situated,

        Plaintiffs-Appellees,

v.

NEWMONT MINING CORP.;
WAYNE W. MURDY; PIERRE
LASSONDE; BRUCE D. HANSEN;
DAVID H. FRANCISCO,
an individual; THOMAS L. ENOS,
an individual; RUSSELL BALL;
ROBERT J. GALLAGHER,
an individual,

        Defendants.

---

LAWRENCE W. SCHONBRUN,

        Interested Party-
        Appellant.

No. 08-1423
(D.C. Nos. 1:05-CV-1046-MSK-BNB,
1:05-CV-1100-MSK-BNB &
1:05-CV-01141-MSK-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

(continued...)

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Lawrence W. Schonbrun, proceeding pro se here as in the district court, appeals the district court's order denying his request for an incentive award in this securities fraud class action. Mr. Schonbrun, an unnamed member of the class, filed objections to the amount of attorney fees requested by lead counsel for the class ("class counsel") from the class-action settlement fund. He claims he is entitled to an incentive award for his efforts in reducing the attorney fees payable to class counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## Background

The underlying lawsuit was a class action commenced in June 2005 alleging securities fraud. Following proceedings not relevant here, the case was settled in early 2008. The settlement called for defendants to create a fund of $15 million, from which various litigation expenses would be paid before the remainder was paid out to the class members. Class counsel initially requested a

[*](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fee of $5 million. Mr. Schonbrun, acting pro se, and another class member, Natasha Engan, represented by counsel, filed objections to the amount of fees class counsel requested. Mr. Schonbrun also requested that notice be sent to the class before class counsel's fee was determined, and he objected to granting class counsel the authority to reallocate settlement funds and dispose of unclaimed proceeds.[1] The district court ordered that notice be sent to the class and that class counsel obtain leave of court before reallocating or disposing of any settlement funds. Class counsel reduced their fee request to $3 million.

The district court approved the settlement in substance, and referred the issue of class counsel's fee request to a special master. Although Mr. Schonbrun requested that the special master conduct discovery, the special master determined that minimal discovery was necessary. The special master deposed a paralegal in the law firm of the attorney for objector Engan, and otherwise extensively evaluated the data himself. He recommended that class counsel be awarded a fee of $451,593.00, plus costs in the amount of $48,304.82.

Class counsel acquiesced in the special master's fee determination. The district court then entered an order adopting the special master's recommendation

---

[1] Mr. Schonbrun's participation also included (1) a request that the class members' damages be evaluated by an expert, (2) an objection to the plan allocation formula, (3) a request for an assessment of the total amount of damages that could have been recovered, and (4) an objection to class counsel acting as escrow agent for the settlement funds. The district court rejected these suggestions, and Mr. Schonbrun does not pursue them on appeal.

for class counsel's fees and costs. In addition, the court denied Mr. Schonbrun's pro se request for an incentive award because his efforts had not conferred a benefit on the class. The court then awarded attorney fees to objector Engan, albeit in an amount substantially lower than that requested, concluding that the services she provided "conferred a benefit on class members sufficient to entitle her to a reasonable fee award." R. Vol. I, doc. 245, at 11. Mr. Schonbrun appeals.

On appeal, Mr. Schonbrun maintains that the district court erred in finding that his objection did not benefit the class sufficiently to entitle him to an incentive award. He argues that his objections caused the district court to (1) require court approval for disposition of any unclaimed funds; (2) require prior notice to the class before ruling on class counsel's fee request; and (3) drastically reduce the fee payable to class counsel, by calling the special master's attention to class counsel's (a) excessive hourly rate claimed, (b) insufficient identification of time charged, (c) excessive time claimed to have been spent on the motion to dismiss and on settlement, and (d) claim that a multiplier was appropriate.

Mr. Schonbrun contends that the district court erred in the following respects: (1) the court failed to apply the factors justifying either an incentive award to a class member or an attorney fee to an objector; (2) the court ruled that he was not entitled to an award on the ground that the same objections were

-4-

presented more comprehensively by objector Engan; (3) the court stated that Mr. Schonbrun sought an incentive award based only on his objections to class counsel's attorney-fee request, while ignoring the additional bases of his request for notice to the class and his objection to the settlement terms concerning disposition of any unclaimed settlement funds; (4) the court concluded that his objection to the procedure for determining class counsel's fee did not benefit the class, stating that his objections were procedural rather than substantive; and (5) the court's denial of a pro se incentive award to him runs afoul of public policy favoring participation of objectors in these circumstances.[2]

*Discussion*

We begin by stating what this appeal does not involve. It does not involve an incentive award for a class representative. Nor does it involve an award of attorney fees for a class representative or an objector. Rather, it comprehends a payment to a pro se objector for his time and effort spent in proceedings concerning attorney fees payable to class counsel.[3]

---

[2]     Mr. Schonbrun also asserts, for the first time in his reply brief, that he is entitled to an incentive award because the special master and the district court invited him to participate in the proceedings concerning the amount of attorney fees payable to class counsel. We generally do not address issues raised for the first time in the reply brief. *See Vaughn v. Epworth Villa*, 537 F.3d 1147, 1153 n.5 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1528 (2009). Even so, we decline to announce a rule that anyone who is permitted to file an objection is presumptively entitled to an incentive award.

[3]     It appears that Mr. Schonbrun is an attorney. *See, e.g., In re Rite Aid Corp.*
(continued...)

*Standard of Review*

Turning to the appropriate standard of review, we note that the parties agree that an abuse-of-discretion standard applies. This circuit has not announced a standard of review applicable to an order denying an objector's request for an incentive award. Although we are not bound by the parties' choice of a standard of review, *Phelan v. Wyo. Associated Builders*, 574 F.3d 1250, 2009 WL 2343739, at *9 (10th Cir. 2009) (Briscoe, J., concurring), we agree that under these circumstances, an abuse-of-discretion standard is appropriate. Generally, our standard of review for a district court's award of attorney fees in the class-action context is abuse of discretion. *Gottlieb v. Barry*, 43 F.3d 474, 486 (10th Cir. 1994). In addition, the district court's familiarity with the parties and the proceedings supports an abuse-of-discretion standard. *Cf. Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("We customarily defer to the District Court's judgment [regarding an attorney-fee award] because an appellate court is not well suited to assess the course of litigation and the quality of counsel." (quotations omitted)); *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993) (rejecting, in class action attorney-fee determination, "assert[ion] that a less deferential review standard is appropriate

---

[3](...continued)
*Sec. Litig.*, 396 F.3d 294, 296 (3rd Cir. 2005) (Mr. Schonbrun appearing as counsel for appellant); R. Vol. I, doc. 245, at 8 n.2 (district court's observation that "[i]t is not clear whether Mr. Schonbrun is himself a lawyer"). Because he does not invoke his status as an attorney, we treat him as a pro se litigant.

when . . . the district judge who made the fee award did not preside over the case for a significant period of time before making that award"). Further, Mr. Schonbrun is seeking a payment from a class-action common fund. The common fund doctrine is an equitable one. *In re Miniscribe Corp.*, 309 F.3d 1234, 1241 (10th Cir. 2002). "We review the district court's exercise of its equitable powers for abuse of discretion." *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005) (addressing equitable remedy of contract reformation). An abuse of discretion occurs when a district court has "based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Mann v. Reynolds*, 46 F.3d 1055, 1062 (10th Cir. 1995) (quotation omitted). In applying this standard, underlying factual findings will be upheld unless they are clearly erroneous, and the district court's legal analysis is reviewed de novo. *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1183 (10th Cir. 2008).

*Analysis*

Mr. Schonbrun argues that he is entitled to a pro se incentive award on the same or similar basis as a named class representative. "Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives," but there is no need for such an award "if at least one [class member] would have stepped forward without the lure of an 'incentive award.'" *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722-23 (7th Cir. 2001).

Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class.[4] *See Parker v. Time Warner Entm't Co., L.P.*, __ F. Supp. 2d __, 2009 WL 1940791, at \*31 (E.D.N.Y. Jul. 6, 2009) ("The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." (quotation omitted)); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D. N.J. 2005) (same). Objectors can "add value to the class-action settlement process by: (1) transforming the fairness hearing into a truly adversarial proceeding; (2) supplying the Court with both precedent and argument to gauge the reasonableness of the settlement and lead counsel's fee request; and (3) preventing collusion between lead plaintiff and defendants." *In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 753 (S.D. Ohio 2008).

---

[4]     Appellees argue that even if a class representative in non-securities litigation may receive an incentive award, the Private Securities Litigation Reform Act ("PSLRA") precludes such an award in securities-fraud litigation such as this. *See* 15 U.S.C. § 78u-4(a)(2)(A)(vi), (a)(4). They maintain that if a class representative may not receive an incentive award, neither may an objector. Mr. Schonbrun responds that one of the purposes of the PSLRA is to curb excessive fees, and an objector serves that purpose, so he is not precluded from collecting an incentive fee. While this argument appears to contradict Mr. Schonbrun's claim that he should be treated like a class representative, we need not decide whether the PSLRA would prevent an objector from receiving an incentive award because we hold that the district court did not abuse its discretion in denying an award to Mr. Schonbrun for reasons independent of the PSLRA.

Mr. Schonbrun does not claim he incurred any risk, nor could he, since his participation as an objector began after a settlement was reached and a common fund was created. Therefore we turn to his argument that he provided a benefit to the class. We need not decide if a pro se objector can ever be entitled to an incentive award under appropriate circumstances because we affirm the district court's order denying Mr. Schonbrun an incentive award on the ground that his efforts did not benefit the class.[5]

An objector whose arguments result in a reduction of attorney-fee and expense awards provides a benefit to the class. *Gottlieb*, 43 F.3d at 491; *accord Uselton*, 9 F.3d at 854 (affirming award of fees to objectors' counsel based on benefit conferred to class). Objectors who do not benefit the class are not entitled to payment. *Cf. Mirfasihi v. Fleet Mortgage Corp.*, 551 F.3d 682, 687 (7th Cir. 2008) ("A proper attorneys' fee award is based on success obtained *and* expense (including opportunity cost of time) incurred.") (emphasis in original), *cert. denied*, 129 S. Ct. 2767 (2009); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (stating objectors "brought about minor procedural changes in the settlement agreement, [but because they] did not increase the fund or otherwise

---

[5]    We are aware of the dicta in *Gottlieb* referring to "established law that objectors who do indeed confer a benefit upon the fund may be compensated for that benefit." 43 F.3d at 491 n.16. The reference to compensation for objectors appears to contemplate compensation in the form of attorney fees. At any rate, *Gottlieb* did not involve a request for an incentive fee to be paid to a pro se objector.

substantially benefit the class members, they were not entitled to fees"); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (noting that "lawyers who contribute materially to the proceedings" may obtain a fee, but "objectors [must] produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999) (affirming district court's denial of attorney fees and costs to objectors' attorneys because their participation did not contribute to the adversarial process or change the terms of the settlement agreement).

Mr. Schonbrun asserts that his efforts caused class counsel to reduce its fee request. He further maintains that the special master agreed with his position and that the district court adopted his suggestions regarding prior notice to the class and the disposition of any unclaimed funds. The district court concluded that Mr. Schonbrun's objections did not confer a benefit on the class. The court determined that his objections were "general in nature, largely unsupported by specific citation to the record or to supporting caselaw," and "lacking in meaningful analysis," especially when compared to objector Engan's objections. R. Vol. I, doc. 245, at 10. The district court also noted that Mr. Schonbrun had not identified any argument unique to his presentation. The court further determined that Mr. Schonbrun had not "point[ed] to any argument of his that was

both asserted in greater detail than other objectors and adopted in substance by the Special Master." *Id.*

We conclude there was no abuse of discretion in the district court's decision not to award a pro se incentive fee to Mr. Schonbrun. His objections to the fee requested by class counsel were indeed general and lacking in meaningful analysis, a characterization he does not seriously dispute. Mr. Schonbrun has not demonstrated that his efforts resulted in either class counsel's reduction of their fee request from the original $5 million to $3 million, or the special master's further reduction. Nor did he "propose terms of settlement or otherwise participate constructively in the litigation," *Mirfasihi*, 551 F.3d at 687, other than to file a perfunctory challenge to the amount of fees requested by class counsel.

Although Mr. Schonbrun claims error in the district court's failure to acknowledge his efforts resulting in notice to the class before class counsel's fees were determined and his objection concerning unclaimed funds, he again has not shown that the district court found his suggestions useful. Mr. Schonbrun also claims he could not have known when he filed his objections whether the district court was thinking along the same lines, so it was unfair for the court to reject his ideas because the court had already thought of them. But the district court can be presumed to protect the class's interests, given that the court "act[s] as a fiduciary for the beneficiaries of the fund" in a common-fund case. *Gottlieb*, 43 F.3d at 490 (quotation omitted). Further, additional insurance for protecting the interests of

-11-

the class is provided where, as here, fee applications are referred to a special master. *Id.* Therefore, because the court is charged with protecting the interests of the class, general, garden-variety objections usually are not helpful to the court, nor do they benefit the class. The district court found that to be the situation here, and we perceive no abuse of discretion in that determination.

Mr. Schonbrun also takes issue with the district court's reasoning that he was not entitled to a pro se incentive award because his arguments were not as thorough as those submitted by objector Engan's attorney. We accept the district judge's analysis on this matter as a proper explanation of why Engan's attorney was entitled to a fee award while Mr. Schonbrun was not entitled to a pro se incentive award.

We decline Mr. Schonbrun's invitation to apply to his pro se request for an incentive award the same standards applicable to an objector's request for an attorney fee. Mr. Schonbrun's position is not parallel to that of an objector seeking payment for his attorney fees. A pro se objector's time and effort is not the same as an attorney fee incurred by an objector. In other contexts, courts have established that pro se litigants may not collect "fees" that would be payable to their attorneys if they had been represented by counsel. *See Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that a pro se litigant who is an attorney is not entitled to fees under 42 U.S.C. § 1988); *Demarest v. Manspeaker*, 948 F.2d 655, 655 (10th Cir. 1991) (holding pro se litigant is not entitled to attorney fees under

the Equal Access to Justice Act); *Corrigan v. United States*, 27 F.3d 436, 438-439 (9th Cir. 1994) (holding tax code authorizing payment of attorney fees does not apply to pro se litigant, nor does code authorize payment for lost opportunity costs). In addition, the Third Circuit has rejected a claim for attorney fees by an attorney who represented himself in a shareholder derivative suit. *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 227, 230 (3rd Cir. 2004); *see also id.* at 230 n.7 (expressing "no opinion as to whether a *pro se* attorney would be eligible to receive an incentive fee"); *McNeil v. United States*, 508 U.S. 106, 113 n.10 (1993) (recognizing "a systemic interest in having a party represented by independent counsel even when the party is a lawyer"). A party must first incur attorney fees before he or she is entitled to an attorney-fee award. Mr. Schonbrun did not incur attorney fees; therefore, we do not apply the same standards as if he had.

Mr. Schonbrun devotes several pages of his brief to a discussion of the role objectors play in proceedings concerning fees payable to class-action attorneys. As a corollary, he maintains that the fee award to objector Engan's attorney was inadequate, thus discouraging objectors from participating. As noted above, we agree that objectors can play a useful role in class-action litigation. But as our discussion makes clear, Mr. Schonbrun's participation did not warrant an incentive award. As for the fee awarded to objector Engan's attorney, that issue is not before us in this appeal.

*Conclusion*

The judgment of the district court denying a pro se incentive award to Mr. Schonbrun is AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge