FILED
United States Court of Appeals
Tenth Circuit

May 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEL BARTEL; DALE THURGOOD,

      Plaintiffs-Appellants,

and

TRI-STATE CONTRACTORS, INC.,

      Plaintiff,

v.

KEMMERER CITY, a body politic,
DAVID FAGNANT, individually and
as Mayor, MIKE ARCHIBALD,
individually and as City
Administrator; TONY TOMASSI,
individually and as City Councilman,

      Defendants-Appellees.

No. 11-8057
(D.C. No. 1:07-CV-00112-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Del Bartel and Dale Thurgood appeal from the district court's order granting summary judgment to defendants--Kemmerer, Wyoming and its mayor, city administrator, and city councilman--on a claim for punitive damages. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

This is the second appeal in this case. Because the parties are familiar with the facts and prior proceedings, we set forth only the following brief summary taken from our prior decision:

> In April 2006, . . . Tri-State Contractors submitted a bid, and an accompanying bid bond, to construct a new city building in Kemmerer, Wyoming. Although the city did not accept Tri-State's bid, it did not return Tri-State's bond. Instead, over the next several months, the city and Tri-State negotiated ways to control costs for the construction project, and the two parties ultimately entered into a contract in July 2006. After signing the contract, Tri-State alleged that numerous undisclosed deficiencies at the building site made construction at the agreed upon rate impossible. Tri-State thus withdrew from the contract and demanded the return of its bid bond, which the city claimed a right to keep as liquidated damages for Tri-State's withdrawal.

> Tri-State, along with . . . Del Bartel and Dale Thurgood[, the sole shareholders and officers of Tri-State,] (collectively "Tri-State") brought suit against Kemmerer and several city officials [for deprivation of property rights without due process of law, in violation of 42 U.S.C. §§ 1983 and 1988. They sought judgment in the amount of the bid bond and an award of punitive damages.] The district court granted Tri-State's motion for summary judgment against the city for return of the bond and denied the individual Defendants' motion for summary judgment on the ground of qualified immunity.

*Tri-State Contractors, Inc. v. Fagnant*, 393 F. App'x 580, 581 (10th Cir. 2010). The individual defendants appealed, and we affirmed. *Id.* at 581, 587.

Thereafter, district court proceedings on the remaining claim for punitive damages resumed. As those proceedings were beginning, Mr. Bartel and Mr. Thurgood terminated counsel and entered a pro se notice of appearance for themselves. But they noted that counsel would continue to represent Tri-State. Counsel, however, moved to withdraw as counsel for all plaintiffs without substitution, and the district court granted the motion. At no time did substitute counsel enter an appearance on behalf of Tri-State.

Defendants filed a second motion for summary judgment. Mr. Bartel and Mr. Thurgood, acting as individuals, responded to the motion. The district court granted summary judgment, determining punitive damages were not available against Kemmerer and the individual defendants did not act with malice, evil intent, or reckless indifference to the three plaintiffs' rights to due process concerning the return of the bid bond. Accordingly, the court granted judgment in favor of defendants on the punitive damages claim. Mr. Bartel and Mr. Thurgood filed a pro se notice of appeal.[1]

---

[1] They also filed a Fed. R. Civ. P. 60(b) motion to set aside the judgment. The district court denied the motion, but they did not file an additional notice of appeal. This appeal, therefore, concerns only the appeal from the summary judgment order.

ANALYSIS

As a threshold and dispositive matter, we consider defendants' argument that Mr. Bartel and Mr. Thurgood, proceeding pro se,[2] lacked standing to assert a punitive damages claim. Although defendants did not make standing arguments in the district court, they may do so for the first time on appeal. *See New Eng. Health Care Emp. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008). We review the legal question of standing de novo. *Id.* Mr. Bartel and Mr. Thurgood bear the burden of proving standing. *See id*.

Standing raises jurisdictional questions requiring us to consider whether there is an actual case or controversy. *See Rector v. City & County of Denver*, 348 F.3d 935, 942 (10th Cir. 2003). For standing, Mr. Bartel and Mr. Thurgood individually must have "a personal stake in the outcome of the controversy." *Baker v. Carr*, 369 U.S. 186, 204 (1962); *see Warth v. Seldin*, 422 U.S. 490, 498 (1975). Generally, any conduct harming "a corporation confers standing on the corporation, not its shareholders." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010); *see also Diva's Inc. v. City of Bangor*, 411 F.3d 30, 42 (1st Cir. 2005) (citing cases and holding standing requirement applies to actions brought to redress injuries to corporation under § 1983). This shareholder standing rule prohibits shareholders from suing to enforce corporate rights unless the

---

[2]    We liberally construe pro se filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

corporation's management declines to sue for a reason other than good business judgment. *Bixler*, 596 F.3d at 756-57. "There is, however, an exception to this rule where the actions of the third party that injure the corporation also cause injury to the shareholder which is unique to himself . . . as a shareholder of the corporation and not suffered by the other shareholders." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1072 (10th Cir. 2002).

This is not a case where the exception applies. Mr. Bartel and Mr. Thurgood do not assert injury separate from the due process injury and request for punitive damages properly asserted by Tri-State. Nor does the record show injury to them distinct from any alleged harm to Tri-State. Instead, the record shows that Tri-State bid on the project, the money for the bid bond was drawn on Tri-State's account, and Mr. Bartel and Mr. Thurgood signed documents on behalf of Tri-State in their capacities as corporate officers. At all times, the two acted as officers or shareholders. Because their claims derive wholly from the claims of Tri-State, they therefore do not have standing to sue on their own behalf. *See id.* at 1072-73.[3]

As indicated, Tri-State is the appropriate party to assert punitive damages arguments on appeal. But Tri-State is not a party to this appeal. A corporation

---

[3] Mr. Bartel and Mr. Thurgood have standing to pursue this appeal, because judgment was entered against them. *See Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) ("To have standing, one must be aggrieved by the order from which appeal is taken.").

may only "appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). No attorney filed a notice of appeal on Tri-State's behalf, and Mr. Bartel and Mr. Thurgood are not attorneys and cannot represent Tri-State.

MOTION TO STRIKE

Defendants move to strike enumerated pages of the deposition exhibits attached to plaintiffs' opening brief. Some of those pages were not before the district court and therefore cannot be presented for the first time on appeal. *See Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023, 1031 n.5 (10th Cir. 2008). Accordingly, we grant the motion to strike in part and deny it in part. We strike the following: (1) Lynn Morgan's deposition pages 1-8, 25-26, 29, 32, 41-43, 49-52, and 69-71; (2) Del Bartel's deposition pages 53-56, 61-64, and 69-72; (3) Kent Slovernick's deposition pages 1-4, and 9-15; and (4) Anthony Tomassi's deposition pages 3-13, and 20-22. We, however, do not strike Lynn Morgan's deposition page 72 or any of the pages from Michael Archibald's or David Fagnant's depositions, because these were before the district court.

CONCLUSION

The judgment of the district court is AFFIRMED.  Defendant's motion to strike is GRANTED in part and DENIED in part.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge