(916 P.2d 723)
No. 73,995

D. KALYN GRANT, *Appellant*, v. JEDIDIAH T. CHAPPELL, a minor; and RAYMOND PAT ANDREWS, *Appellees*.

Opinion filed May 17, 1996.

*Rex A. Sharp* and *Christopher J. Liebman*, of Sharp, McQueen, McKinley, Dreiling & Morain, P.A., of Liberal, for the appellant.

*Brian C. Wright*, of Turner & Boisseau, Chartered, of Great Bend, for the appellee.

Before LEWIS, P.J., ELLIOTT, J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Plaintiff sued defendant for damages sustained in an automobile accident. During the trial of the action, plaintiff called as witnesses her two treating physicians. These physicians charged plaintiff a total of $3,171 in witness fees and mileage. The jury returned a verdict in favor of plaintiff in the amount of $13,000 and found defendant to have been 60% at fault. Plaintiff then sought to have the trial court assess as costs to defendant the $3,171 her physicians charged to appear and testify at the trial. The trial court refused to do so, and plaintiff appeals from that ruling.

The only question to be resolved on appeal is whether the trial court erred in failing to assess to defendant the witness fees charged by plaintiff's treating physicians. We hold that it did not.

This appeal comes to us on facts stipulated to by the parties and approved by the trial judge. In such instances, we have de novo review. *Lightner v. Centennial Life Ins. Co.*, 242 Kan. 29, Syl. ¶ 1, 744 P.2d 840 (1987). In addition, the question presented is one of statutory interpretation, which is a question of law over which we have unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The issue in this case is controlled by three statutory enactments. These statutes are, in relevant part:

K.S.A. 60-2003:

"Items which may be included in the taxation of costs are:

. . . .

(4) Statutory fees and mileage of witnesses attending court or the taking of depositions used as evidence.

. . . .

(8) Such other charges as are by statute authorized to be taxed as costs."

K.S.A. 28-125:

"(a) Witnesses shall receive the following fees:

(1) For attending before any court or grand jury, or before any judge, referee, or commission, $10 per day."

K.S.A. 28-141:

"All fees and sums paid by either party for fees of witnesses and other necessary expenses in any civil action or proceeding shall be proved by the affidavit of the party, or of some person knowing the same to have been paid; and all such fees shall be taxed and collected from the party ordered or adjudged to pay the costs."

The fee of an expert witness may not be charged to the losing party unless specifically authorized by statute. See *Divine v. Groshong*, 235 Kan. 127, 679 P.2d 700 (1984). In *Divine*, our Supreme Court indicated that K.S.A. 60-2003 does authorize the assessment of costs against the losing party but not "expenses" such as "paralegal time, attorney fees, deposition expense, phone calls, *expert witness fees* and the like." (Emphasis added.) 235 Kan. at 141.

Fees are compensation for the performance of services, while "costs" are expenses incurred in the maintenance of a lawsuit. *Barnes v. Employment Security Board of Review*, 210 Kan. 664,

681, 504 P.2d 591 (1972). The taxation of costs is a matter controlled by statute, and a court has no inherent power to award costs beyond statutory authorization. *Hodges v. Lister*, 207 Kan. 260, 266, 485 P.2d 165 (1971); *Brown v. Zackert*, 10 Kan. App. 2d 466, 468, 701 P.2d 711 (1985).

There is nothing in the statutory provisions controlling this issue which would permit the taxation of fees charged by an expert witness as costs. Plaintiff argues that since the fees in this case were charged by her "nonretained" treating physicians, they are somehow different and somehow taxable as costs. Plaintiff argues that these fees can be taxed as costs to the losing party as "sums paid" under K.S.A. 28-141. We do not agree.

Plaintiff's position has no statutory support. K.S.A. 28-125 clearly limits a witness to a fee of $10 per day. Plaintiff argues that this statute only applies to "lay witnesses" and not to treating physicians. Plaintiff's argument is without merit. The statute does not limit its application only to "nonretained lay witnesses."

K.S.A. 60-2003 is clear and unambiguous. It permits statutory fees and mileage of witnesses to be taxed as costs. The statutory fees are $10 per day. There is nothing in any of the statutes in question permitting the assessment of expert witness fees as costs. "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

K.S.A. 28-125 refers to fees of witnesses. Witness fees are limited in this state to $10 per day.

We hold that the fees treating physicians charge for their appearance and testimony at trial may not be assessed against a losing party as costs. We affirm the decision of the trial court to that effect.

Affirmed.