(172 P.3d 1201)

No. 97,649

JOHN W. HIGGINS, *Appellant,* v. ABILENE MACHINE, INC., AND
CONTINENTAL NATIONAL AMERICAN GROUP, *Appellees.*

Opinion filed December 7, 2007.

*Robert R. Lee,* of Wilson, Lee, Gurney, Carmichael & Hess, of Wichita, for appellant.

*D. Steven Marsh* and *Ryan D. Weltz,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, for appellees.

*John M. Ostrowski,* of McCullough, Wareheim & LaBunker, P.A., of Topeka, for *amicus curiae* Kansas AFL-CIO.

Before BUSER, P.J., KNUDSON, S.J., and BUKATY, S.J.

KNUDSON, J.: In this workers compensation proceeding, John W. Higgins (claimant) appeals from the order of the Workers Compensation Board (Board) and its determination that postaward expert witness fees are not to be awarded to claimant as costs under K.S.A. 2006 Supp. 44-510k(c). The issue presented is one of first impression.

The controlling facts are not in dispute. Claimant is receiving a compensation award after sustaining a work-related back injury. Subsequently, his back became worse and he made application for postaward medical treatment. Evidentiary depositions were taken from two physicians to support claimant's need for additional treatment. At hearing, the administrative law judge (ALJ) granted claimant's application but would not award expert witness fees as costs. On appeal, the Board upheld the decision of the ALJ. The Board, with one dissent, interpreted K.S.A. 2006 Supp. 44-510k(c) to allow only traditional in-court statutory witness fees as costs, not fees charged by physicians for giving deposition testimony. The dissent would have allowed the award, reasoning that "if the cost of retaining an expert to testify on [claimant's] behalf is not considered a recoverable expense, it may deter a claimant from requesting additional medical benefits."

We affirm the decision of the Board under the doctrine of operative construction. See *Foos v. Terminix,* 277 Kan. 687, 692-93, 89 P.3d 546(2004).

K.S.A. 2006 Supp. 44-510k(c) states:

"The administrative law judge may award attorney fees and costs on the claimant's behalf consistent with subsection (g) of K.S.A. 44-536 and amendments thereto. As used in this subsection, 'costs' include, but are not limited to, *witness fees,* mileage allowances, any costs associated with reproduction of documents that become a part of the hearing record, the expense of making a record of the hearing and such other charges as are by statute authorized to be taxed as costs." (Emphasis added.)

K.S.A. 44-536(g) adds nothing to our analysis as it concerns only an award of attorney fees, not costs.

*Standard of Review*

The interpretation of statutory provisions in the Workers Compensation Act is a question of law. Under the doctrine of operative construction, the Board's interpretation of the law is entitled to judicial deference. If there is a rational basis for the Board's interpretation, it should be upheld upon judicial review. However, the Board's determination on questions of law is not conclusive and, though persuasive, is not binding on a court. The party challenging the Board's interpretation bears the burden of proving its invalidity. *Foos*, 277 Kan at 692-93.

*Discussion*

In its order, the Board stated that the plain and unambiguous language of K.S.A. 2006 Supp. 44-510k(c) precludes an award for an expert's deposition fee. In doing so, the Board noted it has repeatedly addressed this issue in earlier workers compensation proceedings and has consistently ruled against recovery of such fees. It appears from those earlier proceedings that the Board relied primarily on our decision in *Grant v. Chappell*, 22 Kan. App. 2d 398, 916 P.2d 723, *rev. denied* 260 Kan. 992 (1996).

In *Grant*, the plaintiff brought an action to recover for injuries suffered in an auto accident. After a jury found the defendant at fault, the plaintiff sought a further award to cover the costs of the testimony of her two treating physicians. The *Grant* court held: "The fee of an expert witness may not be charged to the losing party unless specifically authorized by statute. See *Divine v. Groshong*, 235 Kan. 127, 679 P.2d 700 (1984)." 22 Kan. App. 2d at 399. The *Grant* court further found that under K.S.A. 28-125 and K.S.A. 60-2003, "witness fees" meant the statutory fee of $10 per day provided for all witnesses who testify, not the fees charged by expert witnesses. 22 Kan. App. 2d at 400.

In *Divine*, the defendants filed an offer of judgment under K.S.A. 60-2002(b) that was not accepted by the plaintiff. Subsequently, the plaintiff's judgment was less favorable than the offer

that had been made. The defendants sought to recover as costs all trial expenses after the offer was made. Those expenses included paralegal time, attorney fees, deposition expenses, phone calls, expert witness fees, and the like. The district court disallowed those items, and the defendants cross-appealed. In denying relief, our Supreme Court held: "The term 'costs' ordinarily means the fees and charges of the court—filing fees, fees for service of process and the like. K.S.A. 60-2002 does not provide for the payment of all of the expenses incurred by the opposing party after the making of the offer. The statute uses the term 'costs,' and the trial court allowed all items properly taxable as costs." 235 Kan. at 141.

We also note K.S.A. 60-2003 states that items allowed as costs in civil proceedings include "statutory fees and mileage of witnesses attending court or the taking of depositions used as evidence." K.S.A. 60-2003 does not provide for including expert witness fees as an allowable item.

The Board's reliance on proceedings under Chapter 60 is understandable. K.S.A. 44-553 specifically provides for witness fees and states: "Each witness who appears before the director or [ALJ] in response to a subpoena shall receive the same fee and mileage as is provided for witnesses attending district court in civil cases in this state." There is no statutory suggestion the fee charges of experts to secure their testimony should be treated as cost or witness fees.

Review of several other statutes indicates that when the legislature intends to vest a judge or administrative tribunal with discretion to award expert witness fees, it makes an explicit authorization of authority that belies the notion "witness fees" is all-inclusive. See, *e.g.*, K.S.A. 2006 Supp. 16-1305 (specifically authorizing the "actual costs of the action, including attorney, paralegal, and *expert witness fees*"); K.S.A. 49-426(d) ("The court . . . may award costs of litigation, including attorney and *expert witness fees* to any party."); K.S.A. 2006 Supp. 75-5672(c) ("All moneys credited to the [natural resources damages trust] fund shall be used to pay the cost of: . . . (5) legal costs, including *expert witness fees*, incurred in the recovery of the expenditures.") (Emphasis added.)

The above survey of case and statutory law supports a conclusion that the Board's interpretation of K.S.A. 2006 Supp. 44-510k(c) is reasonable and conforms with legislative intent.

The claimant argues the only witnesses realistically employed in a workers compensation case are experts. Thus it is illogical to exclude expert fees as a matter of law from an award under 44-510k(c). We agree that physicians are the primary witnesses in a postaward proceeding to obtain medical treatment or other medical benefits. However, the claimant may also present the testimony of others to support the application, *i.e.*, family members, supervisors, coworkers, and other acquaintances.

The claimant's most persuasive argument for a more inclusive interpretation of 44-510k(c) is that most professional experts do charge substantial deposition fees for their time and expertise and will be less than cooperative if subpoenaed to testify in open court. Thus a claimant is compelled to pay the doctor's fees to procure his or her deposition testimony. Substantial expert witness fees may deter a claimant from proceeding with a postaward claim for needed medical treatment. However, there is obviously another side to this argument. If an employer could be assessed expert witness fees in addition to the claimant's attorney fees, the employer might similarly be deterred from an otherwise reasonable defense to an employee's application for additional medical treatment. Moreover, the claimant has to acknowledge the decision to award attorney fees and other costs under 44-510k(c) is discretionary. Consequently, even if we accepted the claimant's reasoning, there still would be no assurance of reimbursement for expert deposition fees, which could be a deterrent in and of itself. The issue is one of public policy for the legislature to consider, not the court in the face of an unambiguous statute.

We have considered all of the claimant's arguments and find them insufficient to reverse the decision of the Board. The legislature has consistently recognized a distinction between expert witness fees and witness fees in various statutes as we have noted in this opinion. Consequently, it would be unreasonable to adopt the claimant's interpretation of 44-510k(c) that would repudiate the will of the legislature. The consistency of treatment in various leg-

islative enactments makes clear 44-510k(c) is unambiguous and does not provide for an award of costs for expert witness fees. We hold there is a rational basis for the Board's interpretation of K.S.A. 2006 Supp. 44-510k(c), and its award will not be disturbed on appeal.

Affirmed.

BUKATY, J., dissenting: I respectfully dissent from the majority's conclusion that K.S.A. 2006 Supp. 44-510k(c) does not authorize the awarding of costs for postaward expert witness fees to a claimant in a postaward claim for medical benefits. I believe the wording of the statute grants the discretion to an administrative law judge to award such fees.

The majority cites K.S.A. 60-2003 in the Code of Civil Procedure and several cases construing that section as precedent for its conclusion that expert witness fees are not authorized in this case. That section lists "[i]tems which may be included in the taxation of costs . . . ." The list is specific and the section contains no language that allows any other items as costs in addition to those so listed. Since expert witness fees are not found in the list, the cases cited by the majority have found such fees cannot be awarded as costs to a party in a case filed under Chapter 60.

In contrast, K.S.A. 2006 Supp. 44-510k(c) says in pertinent part: "As used in this subsection, 'costs' include, *but are not limited to*" the items so listed. (Emphasis added.) While expert witness fees are not specifically listed, they are not excluded either. In my view, the language implies that the section allows other "costs" to be awarded besides those listed and this would include the expert witness fees claimant seeks here. Any reliance in this case on K.S.A. 60-2003 and the cases construing it is misplaced.

As the majority states, claimant makes a policy argument to the effect that professional medical experts often charge a substantial fee for rendering reports and giving depositions. It could well be that the cost of the medical treatment sought may not be worth incurring the cost necessary to establish entitlement to the treatment. Since a claimant is not seeking monetary benefits, he or she may be unduly dissuaded from pursuing a valid claim for postaward

treatment if required to pay expert witness fees. Also, without the possibility a respondent may be required to pay a claimant's expert witness fees, a respondent may have more incentive to deny the treatment and put claimant to proof rather than attempt to reasonably settle the claim. Claimant presents a sound policy argument.

Any concerns about either party abusing the other in a dispute over expert witness fees are alleviated by the fact K.S.A. 2006 Supp. 44-510k(c) does not mandate the award of costs but leaves it to the discretion of the administrative law judge. I believe the subsection grants such discretion and the Workers Compensation Board erred when it concluded otherwise. Since it is not clear from the record whether the administrative law judge determined that he could not award the fees claimed here or whether he exercised his discretion not to award them, I would reverse and remand this matter with instructions that the administrative law judge determine whether to award or deny the fees claimant seeks.