(649 P.2d 406)
No. 53,583

In the Matter of the Condemnation of Land by the City of Mission, Kansas, A Municipal Corporation, *Appellant,* v. John Wilson Bennett and Overland Park Savings and Loan Association, *Appellees.*

Opinion filed June 3, 1982.

*David K. Martin,* of Payne & Jones, Chartered, of Olathe, for the appellant.

*Roy S. Bennett, Jr.,* of Bennett & Heaven, of Shawnee, for the appellees.

Before Swinehart, P.J., Abbott, J., and Harry G. Miller, District Judge Retired, assigned.

Miller, J.: This is an appeal from a judgment entered against the plaintiff for costs, including appraiser's fees and attorney fees, in a condemnation action that was dismissed prior to the appraisers filing their report.

The defendant, John Bennett, is the owner of a warehouse and office building in the City of Mission which adjoins Lot 202, the tract of land involved in the dispute. All of the real estate is zoned by the City as "use district C-2" which requires forty-eight off-street parking spaces. Bennett's property, excluding Lot 202, has only four off-street parking spaces. Without a permanent special use or variance as to off-street parking, the only permitted use of Bennett's property would be residential.

Prior to filing of the City's condemnation petition, the City negotiated with Bennett for the purchase of Lot 202, but the negotiations were terminated when the City indicated that it would not, as a part of such transaction, grant Bennett a permanent special easement or variance as to off-street parking.

The City then filed its petition to condemn Lot 202 and appraisers were appointed. The instructions to the appraisers, however, did not specifically charge such appraisers to make a determination as to whether the whole of Bennett's property constituted an "economic unit," and if so, that they must then

consider the damages from such partial taking to the entire "economic unit" owned by Bennett.

Believing that the whole of his tract of land constituted an economic unit and that unless so considered by the appraisers, damages based only upon the taking of Lot 202 would be grossly inadequate, Bennett, prior to the scheduled public hearings, employed an attorney and a certified appraiser to represent him. During the pendency of the proceedings, Bennett's attorney and his appraiser prepared for and appeared at three scheduled public hearings and were involved in written and verbal communications among themselves and representatives of the City. In addition, Bennett's attorney, after research, filed a "Motion to Instruct Appraisers to Consider, Upon Taking, Damages to the Entire Economic Unit Owned by Landowner." After oral argument, this motion was sustained by the court. The City thereupon dismissed its condemnation proceeding, and the court gave Bennett permission to file an application for his expenses in defending against the suit.

After a hearing on the issue of expenses, the court found that the City had dismissed its condemnation proceeding when it became apparent that the tract at issue might be appraised at a higher value than the City desired to pay, and entered judgment against the City in favor of Bennett for costs, including $300 for his appraiser and $747.50 for his attorney. It is from this judgment that the City has appealed.

Both litigants recognize the general rule in this state that attorney fees and expenses of litigation, other than statutory court costs, incurred by the prevailing party are not chargeable as costs against the defeated party in the absence of clear and specific statutory provision therefor. *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, 494 P.2d 1113 (1972).

Bennett contends, however, that the City, by dismissing its condemnation proceeding under the circumstances here prior to the filing of the appraisers' report, abandoned the proceeding, and that pursuant to K.S.A. 26-507(*b*), the court was authorized to allow the landowner his "reasonable expenses incurred in defense of the action." He further contends that "reasonable expenses," as used in the statute, includes attorney fees.

K.S.A. 26-507(*b*) provides as follows:

"(*b*) *Abandonment.* If the plaintiff does not make the payment prescribed in

subsection (*a*) hereof for any of the tracts described in the petition, within thirty (30) days, from the time the appraisers' report is filed, the condemnation is abandoned as to those tracts, and judgment for costs, including the appraisers' fees together with judgment in favor of the defendant for his reasonable expenses incurred in defense of the action, shall be entered against the plaintiff. After such payment is made by the plaintiff to the clerk of the court, as provided in subsection (*a*) hereof, the proceedings as to those tracts for which payment has been made can only be abandoned by the mutual consent of the plaintiff and the parties interested in the award."

A literal reading of this statute discloses that it provides for the taxing of reasonable expenses incurred in the defense of such an action only when the appraisers' report is filed and the proceeding is then abandoned.

In answer to this interpretation, Bennett argues that the statute was passed by the legislature in order to prevent abuse by a condemning authority of its extraordinary powers and the harassment of a landowner, and that the statute evidences a legislative intent that a landowner who resists the taking of his land should recover his costs when the taking is abandoned. This, he argues, is particularly true where the proceeding was abandoned, as it was in this case, only after it appeared that an appraisers' award would be in excess of what the condemner expected to pay.

In *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, the court dealt with an eminent domain case in which the trial court entered judgment in favor of the landowner for attorney fees and expenses of litigation where the landowner, on appeal from an appraisers' award, received a substantially larger award from a jury. In reversing the trial court, the court stated:

"In this case the trial court and also the appellant and appellees recognize the general rule in Kansas that attorney fees and expenses of litigation other than statutory court costs incurred by a party to an action, are not chargeable as costs against the defeated party in the absence of a clear specific statutory provision therefor. It is further conceded that the Kansas Eminent Domain Statute, K.S.A. 26-501, *et seq.* contains no such provision. (*Gault v. Board of County Commissioners,* 208 Kan. 578, 493 P.2d 238.) . . . . In this opinion we employ the term 'litigation expenses' in the sense of costs not ordinarily made recoverable by statute. These would include expert witness fees and the multitude of expenses commonly incurred by attorneys in preparing a case for trial such as the cost of exhibits, travel expenses, postage and other incidental expenses of a similar nature." (p. 847.)

The court concluded:

"We hold that the allowance of attorney fees and litigation expenses in condemnation cases is a matter of policy to be determined by the legislature of this state and not a matter of constitutional right. Since admittedly there is no statutory authority for awarding the attorney fees and litigation expenses awarded by the trial court in this case, we hold that the trial court was in error in making an award for these items." (p. 849.)

In *City of Westwood v. M & M Oil Co.,* 6 Kan. App. 2d 48, 626 P.2d 817, *rev. denied* 229 Kan. 669 (1981), the landowner contended that the dismissal of a condemnation proceeding by the city after purchasing the property by agreement with the owner constituted an "abandonment" so as to obligate the city to reimburse the landowner for his reasonable expenses incurred in defense of the action. The landowner contended that K.S.A. 26-507 was enacted to prevent harassment procedures by condemning authorities for the purpose of harassing the property owner into submission and acceptance of whatever terms were offered. In denying the landowner recovery, the court stated:

"Appellants assume the city 'abandoned' the condemnation within the meaning of the statute. However, in this case the city did not abandon the condemnation project. It purchased the property, and by doing so before the appraisers were appointed, it probably saved money. There seems little reason to saddle the city with lessees' costs merely because the city settled the controversy giving rise to the condemnation." (p. 50.)

The City, by dismissing its proceeding prior to the filing of the appraisers' report, in a strict sense "abandoned" the proceeding, and Bennett argues that the abandonment at this stage of the action had the same effect on him as it would have had the City waited until after the appraisers' report was filed. Bennett had already incurred his expenses in contesting the action.

There is perhaps arguable merit to this contention, but the statute is clear and unambiguous. It provides for the allowance of reasonable expenses when there is an abandonment after the appraisers' report is filed. When the statute is plain and unambiguous the court should give effect to the intention of the legislature as expressed. The court has no right to enlarge the scope of the statute, nor to amend it by judicial interpretation. *Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844.

Since there is no clear and specific statutory authority for awarding litigation costs, including attorney fees, to a landowner where an eminent domain proceeding is dismissed or abandoned prior to the filing of the appraisers' award, the trial court was in error in making such an award. Reversed.