(947 P.2d 1039)
No. 75,786

THOMAS J. and HOLLY K. DESPIEGELAERE, *Appellees/Cross-Appellants*, v. MARK R. and MARILYN G. KILLION, *Appellants/Cross-Appellees*.

Opinion filed November 21, 1997.

*Steven B. Moore*, of Rasmussen & Barton, L.L.C., of Kansas City, Missouri, for appellants/cross-appellees.

*W. Joseph Hatley* and *Mark K. Erickson*, of Lathrop & Gage, L.C., of Overland Park, for appellees/cross-appellants.

Before RULON, P.J., ELLIOTT, J., and ROGG, S.J.

ROGG, J.: Thomas J. and Holly K. DeSpiegelaere brought suit against Mark R. and Marilyn G. Killion, alleging breach of contract, fraud, and Kansas Consumer Protection Act (KCPA) violations. The fraud and KCPA claims were dismissed against Marilyn Kil-

lion. The jury found Mark Killion liable on the breach of contract, fraud, and KCPA claims.

The Killions appeal the district court's award of attorney fees. The DeSpiegelaeres cross-appeal the district court's decision not to award out-of-pocket expenses as part of its award of attorney fees.

Mark Killion is a home builder in Olathe, Kansas. In July 1993, the DeSpiegelaeres and the Killions entered into a contract for the construction of a home. On September 23, 1994, the De-Spiegelaeres filed a petition alleging the three separate causes of action against the Killions. The DeSpiegelaeres alleged 14 claims under their breach of contract cause of action.

The DeSpiegelaeres sought actual damages in the amount of $22,026.40 as well as punitive damages against the Killions.

The jury found that Mark Killion was liable for breach of contract, fraud, and violation of the KCPA and awarded $10,664.12 in actual damages. The jury awarded no punitive damages.

Under the KCPA, the DeSpiegelaeres moved for an award of $65,836.50 in attorney fees. The DeSpiegelaeres also requested reimbursement for their attorneys' out-of-pocket expenses in the amount of $1,386.76.

The district court awarded the DeSpiegelaeres attorney fees in the amount of $58,036. The district court denied the De-Spiegelaeres' request for recovery of out-of-pocket expenses.

### Attorney fee award to the DeSpiegelaeres

The Killions argue that the district court erred in awarding $58,036 in attorney fees because a portion of these fees were incurred prosecuting the Despiegelaeres' contract and fraud claims, and an award of attorney fees which is six times the amount of the actual damages award and three times the amount of actual damages constituted an abuse of discretion.

It is undisputed that the only statutory or contractual remedy for the award of attorney fees in the case at bar is under the KCPA. Further, it is undisputed that the DeSpiegelaeres did not apportion their attorney fees based upon the cause of action from which the fees arose. The attorneys for the DeSpiegelaeres claim it is impos-

sible to segregate the time spent on the KCPA cause of action based on their time records.

The Killions present this court with substantial authority from outside jurisdictions to support their arguments that the De-Spiegelaeres' attorneys had a duty to apportion their fees between wholly separate causes of action and that the district court erred in its full award of attorney fees to the DeSpiegelaeres. See *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64, 71 (Mo. 1989) (a fee award was only appropriate under one of the plaintiff's theories of relief; therefore, the district court was required, even though the segregation may be difficult, to apportion the fees); *Northwestern Nat'l v. Weaver-Maxwell, Inc.*, 224 Mont. 33, 44, 729 P.2d 1258 (1986) ("In a lawsuit involving multiple claims or multiple theories, an award of attorney fees must be based on the time spent by the prevailing party's attorney on the claim or theory under which attorney fees are allowable."); *Malot v. Hadley*, 102 Or. App. 336, 341, 794 P.2d 833 (1990) (the trial court was required, *if possible*, to segregate the fees incurred under the note which attorney fees were allowable and the indemnity agreement which fees were not recoverable); *Boeing Company v. Sierracin Corporation*, 108 Wash. 2d 38, 66, 738 P.2d 665 (1987) ("[A]ttorney fees should be awarded only for those services related to the causes of action which allow for fees.").

The DeSpiegelaeres cite numerous cases which they contend support their proposition that the district court was under no duty to segregate the attorney fees based upon recoverable (KCPA) and nonrecoverable (contract) causes of action. One of the cases relied upon by the DeSpiegelaeres in their argument, *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. Civ. App. 1991), most clearly supports the legal proposition which the Killions assert.

The *Stewart* court was presented with a factually distinguishable case from the one at bar; however, the *Stewart* court's analysis and express language are directly applicable to the case at bar. In *Stewart*, the appellant complained that the request for attorney fees had not been broken down or allocated with respect to each of the numerous defendants. Specifically, the appellant objected that the prevailing party had "failed to segregate attorney's fees according

to the amounts expended in prosecuting the suit against each defendant." 822 S.W.2d at 10.

In requiring the attorney to apportion his fees based upon time spent prosecuting each defendant, the *Stewart* court noted that it had previously "held that an award of attorney's fees erroneously based upon evidence of unsegregated fees requires a remand." 822 S.W.2d at 11. However, the *Stewart* court noted that

"[a] recognized *exception* to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.' [Citation omitted.] Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims. [Citation omitted.]" (Emphasis added.) 822 S.W.2d at 11.

Although the DeSpiegelaeres attempt to argue that there is a split in authority on the issue of whether attorney fees must be segregated when only one cause of action, among several prosecuted, allows for the recovery of attorney fees, the general rule and exception set forth in *Stewart* is fully representative of the case law on this issue. Among other cases, the DeSpiegelaeres rely on two California cases to support their proposition that fees need not be segregated. These two cases are *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 158 Cal. Rptr. 1, 599 P.2d 83 (1979), and *Drouin v. Fleetwood Enterprises*, 163 Cal. App. 3d 486, 209 Cal. Rptr. 623 (1985).

In *Reynolds Metals*, the California Supreme Court stated that

"[a] litigant may not increase his recovery of attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper. In this case, the two promissory notes contained contract provisions for attorney's fees, but no such provision existed in the general line consignment agreement. *Accordingly, attorney's fees incurred solely for defending causes of action based on the latter agreement and defending against the tort causes of action are not recoverable.*" (Emphasis added.) 25 Cal. 3d at 129.

However, the California Supreme Court also recognized the exception to the general rule when it stated:

"Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the alter ego issue—common to both the note and the general line consignment agreement—qualify for award." 25 Cal. 3d at 129-30.

In the *Drouin* opinion, the California Court of Appeals did not restate the general rule and the exception; however, it relied upon *Reynolds Metals* when it held that "[a]ttorneys fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories. [Citations omitted.]" 163 Cal. App. 3d at 493.

In both the *Reynolds Metals* and the *Drouin* cases, the California courts found that the claims involved a common core of facts and related legal theories and, therefore, apportionment was not required to award attorney fees. Regardless of the fact-based outcome of these two cases, there is no indication in either case that if the claims were not based upon a common core of facts or related legal theories, that the California courts would have affirmed the district courts' nonsegregated attorney fee awards. In other words, even under the California line of cases, the general rule and exception stated in *Stewart* are applicable.

Kansas has never explicitly addressed this issue. However, dictum in *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 540, 739 P.2d 444 (1987), indicates that the Kansas Supreme Court would follow the general rule and the recognized exception in awarding attorney fees where only a portion of the fees is attributable to a claim in which fees are recoverable.

In affirming the district court's award of attorney fees, the *Slaymaker* court stated:

"More importantly, the attorney fee award in this case is based solely upon the federal odometer statute. Plaintiff brought the original action claiming damages under the federal statute and under common-law fraud. Plaintiff's counsel never distinguished in their time records the amount of time spent on the common-law fraud count (for which attorney fees are not recoverable) and the amount of time spent on the federal statutory claim (for which attorney fees are recoverable). The federal odometer claim was not a novel or difficult question. The defendants admitted they had failed to provide federal odometer statements. Plaintiff's counsel had stated prior to the trial that he could try the federal count in his sleep,

and had always 'regarded the federal odometer violation to be very clear.' " 241 Kan. at 540.

The more modest award in *Slaymaker* of $7,500 in fees as opposed to the $28,500 fee requested was affirmed as not being an abuse of discretion by the trial court.

In order to affirm the district court's full award of attorney fees, this court would have to find that the "causes of action involved in this suit are dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable.' " *Stewart*, 822 S.W.2d at 11. The DeSpiegelaeres assert that this is in fact the case. However, the district court did not make an affirmative finding that the contract action, fraud action, and KCPA action were intertwined to the point of being inseparable. In coming to this conclusion, we have reviewed the motion for attorney fees and its attached billing sheets, the transcript of oral argument concerning attorney fees, and the district court's letter decision awarding the fees.

Specifically, under their breach of contract claim, the De-Spiegelaeres alleged that the Killions breached an implied contractual obligation to construct the house in a workmanlike manner in the following respects: (1) failure to install an adequately sized septic system; (2) failure to install an adequately sized heating, air conditioning, and ventilation (HACV) system; (3) failure to properly provide for adequate drainage water, either by landscaping or constructing a retaining wall; (4) failure to properly size an opening in the kitchen for the installation of a microwave oven; (5) failure to install shower doors, toilet paper holders, and towel bars; (6) failure to install a gas line for a fireplace; (7) failure to install trim in the kitchen and one of the bathrooms; (8) failure to install sufficient electrical outlets; (9) failure to properly paint the interior and exterior of the house; (10) failure to properly seed the yard or ensure that sufficient topsoil was present so that grass would grow; (11) failure to properly install a jacuzzi; (12) failure to ground a wire in the kitchen; (13) failure to provide plaintiffs with sufficient keys to the house; and (14) failure to properly install gutters.

In the fraud claim, the DeSpiegelaeres alleged that the Killions fraudulently represented that (1) the septic system would be ade-

quate when, in actuality, the system did not conform to Johnson County regulations; (2) the HACV system would be adequate to heat and cool the Despiegelaeres' home; and (3) the cost to install a sidewalk around the DeSpiegelaeres' home would only be $350. The Despiegelaeres' KCPA claim was based on the same acts giving rise to the fraud claim.

In reviewing the DeSpiegelaeres' allegations in their three separate causes of action, it can easily be determined that the facts and circumstances of the fraud and KCPA causes of action are intertwined to the point of being inseparable. However, the breach of contract claim and the KCPA claim do not appear to be inseparable. Specifically, the DeSpiegelaeres' breach of contract allegations enumerated in issues 3 through 14, on their face, do not appear to be part of the same core of facts and circumstances which gave rise to the KCPA cause of action.

We adopt the general rule and its exception as expressed by the *Stewart* court. Where several causes of action are joined and only some of them permit the award of attorney fees, the work on several causes must be segregated in determining an attorney fee award.

Here, we find that there are 12 of the stated defects which are not part of the fraud or KCPA claims. There is no basis for an award of fees for the prosecution of these claims. We recognize that Kansas has not had a clearly stated rule for this legal issue. In the future, if counsel have made no attempt in their time records to segregate their time as to different causes of action that are not mutual in their facts and impossible of segregation, it could well be that a court could find a failure of proof and award no attorney fees. We remand this issue to the district court to consider the time devoted to the KCPA and fraud claims which have common facts in setting a reasonable attorney fee. Because this is a matter of first impression in Kansas, in this case, after hearing, if the court affirmatively finds that a complete segregation of time is impossible because of the lack of segregation in the appellees' attorney time records, the court may set a reasonable attorney fee.

We suggest that the following may be helpful to the court:

"The assessment of costs and attorney fees lies within the sound discretion of the trial court, and its determination will not be reversed on appeal absent a showing of an abuse of discretion. If any reasonable person would agree with the trial court's decision, appellate courts will not disturb the trial court's decision." *Horsch v. Terminix Int'l Co.*, 19 Kan. App. 2d 134, Syl. ¶ 7, 865 P.2d 1044 (1993), *rev. denied* 254 Kan. 1007 (1994).

The district court should be guided by K.S.A. 50-634(e), which states: "[T]he court may award to the prevailing party reasonable attorney fees, including those on appeal, *limited to the work reasonably performed if*: (1) . . . a supplier has committed an act or practice that violates this act and the prevailing party is the consumer." (Emphasis added.)

Kansas courts have previously applied Model Rule of Professional Conduct (MRPC) 1.5 (1996 Kan. Ct. R. Annot. 276) in determining the reasonableness of attorney fees. See *City of Wichita v. B G Products, Inc.*, 252 Kan. 367, 374, 845 P.2d 649 (1993). Factors under MRPC 1.5(a)(1)-(8) which seem to apply here are:

"(1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
"(2)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
"(3)  the fee customarily charged in the locality for similar legal services;
"(4)  the amount involved and the results obtained;
. . . .
"(7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and
"(8)  whether the fee is fixed or contingent."

### The DeSpiegelaeres' out-of-pocket expenses

The district court denied the DeSpiegelaeres' request for an award of out-of-pocket expenses based upon the following: "[The DeSpiegelaeres] also [seek] to charge the defendants' [*sic*] $1,386.76 in expenses consisting primarily of copy charges, postage and computerized legal research charges. There is absolutely no statutory authority for such an award."

Whether the district court had authority to award the DeSpiegelaeres' attorneys the incurred cost of out-of-pocket expenses under K.S.A. 50-634(e) is a question of statutory interpretation, which is a question of law over which this court has unlimited

judicial review. See *Grant v. Chappell*, 22 Kan. App. 2d 398, 399, 916 P.2d 723, *rev. denied* 260 Kan. 992 (1996).

The DeSpiegelaeres argue that the KCPA should be interpreted in the same manner as civil rights cases under 42 U.S.C. § 1988(b) (1994), which states:

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 *et seq.*], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d *et seq.*], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The language "reasonable attorney's fee" in 42 U.S.C. § 1988 has been interpreted in Kansas and other jurisdictions to broadly include fees and expenses incurred. See *Sheila A. v. Whiteman*, 259 Kan. 549, 566, 913 P.2d 181 (1996). The Kansas Supreme Court has held that " '[o]ut-of-pocket costs not normally absorbed as part of law firm overhead may be reimbursed' " under § 1988(b). 259 Kan. at 566 (citing *Allison v. Board of Johnson County Comm'rs*, 241 Kan. 266, 278, 737 P.2d 6 [1987]).

In Kansas, the general rule is that "[t]he taxation of costs is a matter controlled by statute, and a court has no inherent power to award costs beyond statutory authorization." *Grant v. Chappell*, 22 Kan. App. 2d 398, Syl. ¶ 2. In *Divine v. Groshong*, 235 Kan. 127, 141, 679 P.2d 700 (1984), the Kansas Supreme Court indicated that costs of litigation should be broken down into three separate categories: (1) costs, (2) attorney fees, and (3) expenses. Recoverable costs, including fees and charges of the court, are covered by K.S.A. 60-2003. 235 Kan. at 141. Attorney fees which are compensation for the performance of services are recoverable in the case at bar under K.S.A. 50-634(e). See 22 Kan. App. 2d at 399. However, there is no express statutory authority for the recovery of out-of-pocket expenses incurred during the course of litigation.

"In construing a statute, the maxim *expressio unius est exclusio alterius*, the mention or inclusion of one thing necessarily implies the exclusion of another, may assist in determining legislative intent that is not otherwise manifest, but it should not be employed to override or defeat a clearly contrary legislative intention." *Degollado v. Gallegos*, 260 Kan. 169, Syl. ¶ 5, 917 P.2d 823 (1996).

In other statutory provisions, the Kansas Legislature has expressly provided for recovery of both attorney fees and expenses. For example, in K.S.A. 60-211, K.S.A. 60-237(a)(4), and K.S.A. 60-2007(b), the Kansas Legislature has expressly provided for the recovery of attorney fees and expenses. If the legislature had intended to provide recovery for expenses under the KCPA, it could have expressly done so as it did in K.S.A. 60-211, K.S.A. 60-237(a)(4), and K.S.A. 60-2007(b).

The allowance of attorney fees and expenses is a matter of public policy to be determined by the Kansas Legislature. See *In re Condemnation of Land by the City of Mission v. Bennett*, 7 Kan. App. 2d 621, 624, 649 P.2d 406 (1982). Since there is no statutory authority for awarding expenses under the KCPA, we affirm the district court's holding that expenses are not recoverable under the KCPA.

Affirmed in part, reversed in part, and remanded with instructions.