FILED
United States Court of Appeals
Tenth Circuit

December 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENDA HARRIS;
LARRY TOLSMA,

      Plaintiffs-Appellants,

v.

AMERICAN GENERAL FINANCE,
INC., a foreign corporation,

      Defendant-Appellee.

No. 06-3086
(D.C. No. 02-CV-1395-MLB)
(D. Kan.)

---

BRENDA HARRIS;
LARRY TOLSMA,

      Plaintiffs,

v.

AMERICAN GENERAL FINANCE,
INC., a foreign corporation,

      Defendant-Appellee.

------------------------------------------

BARRY L. ARBUCKLE,

      Attorney-Appellant.

No. 06-3358
(D.C. No. 02-CV-1395-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

In the lead appeal, plaintiffs Brenda Harris and Larry Tolsma challenge the district court's grant of summary judgment to defendant American General Finance, Inc. (AGF) on their claims brought under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617. They also appeal the order denying their request for a statutory penalty, as authorized by the Kansas Consumer Protection Act (KCPA), Kan. Stat. Ann. § 50-636(a). In the related appeal, plaintiffs challenge the amount of attorney fees awarded to their counsel. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

We provide only a brief outline of the facts to explain the issues presented for review. Plaintiffs financed their home and automobile through loans with AGF in two separate accounts. One of the accounts carried disability insurance. Plaintiffs directed the proceeds from the disability policy to be paid to AGF to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bring both accounts current, and the rest to be paid to them. Instead, AGF retained all of the proceeds and applied them to the loans. During 2002, plaintiffs directed various payments to one or the other of the loans, but AGF did not always apply the payments as directed. Plaintiffs and their attorney sent at least four letters to AGF concerning the payment directions. AGF responded to all but the last letter, but did not adjust the loans to plaintiffs' satisfaction.

Plaintiffs filed suit alleging AGF violated RESPA and KCPA. They also asserted claims for conversion and intentional infliction of emotional distress and sought a declaratory judgment for an accounting. The district court granted AGF's motion for summary judgment on the RESPA, accounting, and emotional-distress claims, and the case proceeded to a jury trial on the KCPA and conversion claims. The jury returned a verdict in plaintiffs' favor on the KCPA claim and awarded $500 in damages. The jury found in AGF's favor on the conversion claim.

After trial, the parties agreed to the district court's request to work out the issue of attorney fees. After several months with no resolution, the district court entered the judgment for $500 in plaintiffs' favor. Plaintiffs then filed a motion to amend the judgment to impose a $10,000 civil penalty under the KCPA and to award them attorney fees. The district court denied the request for a civil penalty and awarded plaintiffs $200 in attorney fees. Plaintiffs appeal, asserting that the district court erred in granting summary judgment to AGF on their RESPA

claims, that a civil penalty under the KCPA was warranted, and that the attorney-fee award of $200 is inadequate.

*Appeal No. 06-3086*

Summary Judgment on RESPA Claims

We first address plaintiffs' appeal of the summary-judgment order on their RESPA claims. As relevant here, RESPA requires that upon the receipt of a qualified written request, the servicer of a federally related mortgage loan must acknowledge receipt of the correspondence within twenty days, excluding weekends and holidays, and within sixty working days, must make appropriate corrections or investigate and provide the borrower with a written notification explaining why the servicer believes the account is correct. 12 U.S.C. § 2605(e)(1)(A) & (2); *see also* 24 C.F.R. § 3500.21(e). A "qualified written request" must be a written correspondence that "includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought. . . ." § 2605(e)(1)(B). AGF does not dispute plaintiffs' assertion that it is a "servicer" of a "federally related mortgage loan," as defined by RESPA. 12 U.S.C. §§ 2605(i)(2) & 2602(1).

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment.

*McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiffs contend that three letters sent to AGF by their attorney dated June 28, 2002, September 26, 2002, and October 14, 2002, were qualified written requests and that AGF's treatment of those requests violated RESPA.[1] The June 28 letter complained about collection procedures employed by AGF's personnel. It also contained the following pertinent language: "On May 21, 2002, you refused to accept a payment on the vehicle and demanded the funds be applied to the house payment. I believe the law requires you to honor the debtor's directions on how their funds are to be applied." Aplee. Supp. App. (appeal No. 06-3086), at 57. The district court held that the letter was not a qualified written request because it did not include the loan account numbers, did not state that the account was in error, and did not request information from the lender.

"[W]e can affirm for any reason supported by the record but not relied on by the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 950 (10th Cir. 2002). We need not decide whether the June 28 letter was a qualified

---

[1] Plaintiffs have abandoned on appeal their claim that a July 1, 2002, letter signed by plaintiffs themselves, rather than their attorney, was a qualified written request.

written request because even if it was, we conclude that AGF responded to it as RESPA requires by sending a writing within 60 days explaining why it believed the account was correct, and otherwise complying with RESPA. Aplee. Supp. App. (appeal No. 06-3086), at 59-60. Plaintiffs have made no showing that AGF's response did not comply with RESPA.

As for the other two letters, plaintiffs do not challenge the district court's determination that they filed suit before the applicable time limits expired. On September 28, 2002, within twenty working days, AGF acknowledged receipt of plaintiffs' September 26 letter. Plaintiffs filed suit on November 4, 2002, before the sixty-working-day deadline for a substantive response to the September 26 letter. Similarly, suit was filed before the twenty-working-day deadline to acknowledge plaintiffs' October 14 letter. Accordingly, these claims were not ripe. *See, e.g., Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quotation omitted)). We affirm the summary judgment on plaintiffs' RESPA claims.

<u>Civil Penalty Under the KCPA</u>

Plaintiffs also challenge the district court's decision not to impose a civil penalty on AGF for its violation of the KCPA. "When exercising jurisdiction over pendent state claims, we must apply the substantive law of the forum state and reach the same decision we believe that state's highest court would, just as

we would if our jurisdiction rested on diversity of citizenship." *Lytle v. City of Haysville*, 138 F.3d 857, 868 (10th Cir. 1998). We review the district court's decision not to impose a civil penalty under the KCPA for an abuse of discretion. *Dodson v. U-Needa Self Storage, LLC*, 96 P.3d 667, 673 (Kan. Ct. App. 2004).

The KCPA provides that "[a] consumer who is aggrieved by a violation of [the] act may recover . . . damages or a civil penalty as provided in [Kan. Stat. Ann. § 50-636(a)], whichever is greater." Kan. Stat. Ann. § 50-634(b). Section 50-636(a) authorizes a civil penalty not to exceed $10,000 for each violation. Kan. Stat. Ann. § 50-636(a).

Plaintiffs argue that the district court was required to choose an amount for a penalty and then decide whether to order AGF to pay it. Relying on *Bell v. Kent-Brown Chevrolet* Co., 561 P.2d 907, 911 (Kan. Ct. App. 1977), *superseded by statute on other grounds*, Kan. Stat. Ann. § 50-626, they assert that because a successful consumer is to be awarded the greater amount of the penalty or the damages award, the court is required to set a penalty amount. In a related argument, plaintiffs assert that even though section 50-634(b) provides that a consumer *may* recover damages or a civil penalty, the legislative intent was to *require* the court to set a penalty amount. We are not persuaded. Neither the statute nor *Bell* requires this and we see no indication that the Kansas legislature intended such a requirement or that the Kansas appellate courts would impose one.

Plaintiffs also contend that imposing a $10,000 civil penalty would serve the KCPA's purpose of "encourag[ing] aggrieved consumers with small claims to file suit," *Equitable Life Leasing Corp. v. Abbick*, 757 P.2d 304, 307 (Kan. 1988). This may be so, but whether to impose a penalty and the amount are discretionary with the court. Here, contrary to plaintiffs' assertion that the district court did not exercise its discretion at all, the court stated that it had reviewed its notes regarding the trial and its instructions to the jury, and was "satisfied that the jury adequately appraised defendant's conduct as well as plaintiffs' damages." Aplt. App. (appeal No. 06-3086), at 80. The record on appeal does not include the jury instructions or trial transcripts; therefore, we cannot review the district court's determination that the jury adequately appraised the parties' conduct. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm."). Moreover, plaintiffs do not argue that the jury's conclusion was erroneous. Consequently, having reviewed the parties' arguments, the applicable law, and the record provided, we cannot say that the district court abused its discretion in deciding against imposing a civil penalty under the KCPA.

In this appeal, plaintiffs challenge the district court's attorney-fee award of $200.00 on their KCPA claim.[2] Attorney fees may be awarded under the KCPA "if, *inter alia*, a supplier is found to have violated the act through judgment." *Dodson*, 96 P.3d at 673 (citing Kan. Stat. Ann. § 50-634(e)). The district court noted that plaintiffs were successful due to their attorney's efforts on one minor KCPA claim, but their attorney did not segregate his time spent on the KCPA claims from claims for which an attorney-fee award is not authorized. Therefore, the court determined that an attorney fee of $200 was reasonable because it was "consistent with a contingent fee following a trial and successful recovery." Aplt. App. (appeal No. 06-3358), at 73.

Plaintiffs argue that a $200 fee is patently unreasonable, considering their counsel's time spent preparing their case and conducting a two-day trial. They maintain that it is unreasonable to expect their attorney to keep separate time records. In addition, they argue that their KCPA claims were inseparable from

---

[2] Plaintiffs' attorney characterizes himself as the appellant in this appeal, but he does not have standing to appeal the attorney-fee award. *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1213 (10th Cir. 2000). We construe the attorney-fee appeal as part of the merits appeal brought by plaintiffs since they are parties to the appeal. *Cf. Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854-55(10th Cir. 1993) (holding attorney lacked standing to challenge amount of attorney fees awarded; plaintiffs not parties to the appeal). Accordingly, this court has jurisdiction.

their conversion claims, so they were entitled to their requested fees for the claims on which the case went to trial.

We apply an abuse-of-discretion standard of review to the district court's decision on attorney fees. *Dodson*, 96 P.3d at 673. "Where several causes of action are joined and only some of them permit the award of attorney fees, the work on several causes must be segregated in determining an attorney fee award." *DeSpiegelaere v. Killion*, 947 P.2d 1039, 1044 (Kan. Ct. App. 1997). If, however, the KCPA claims are "inextricably intertwined" with other claims, the district court need not separate attorney fees for each claim. *York v. Intrust Bank, N.A.*, 962 P.2d 405, 430 (Kan. 1998). But counsel assumes a risk if he does not segregate his time, because "if [he has] made no attempt in [his] time records to segregate [his] time as to different causes of action that are not mutual in their facts and impossible of segregation, it could well be that a court could find a failure of proof and award no attorney fees." *DeSpiegelaere*, 947 P.2d at 1044-45.

Plaintiffs press for a rule requiring an award of a reasonable attorney fee in every KCPA case in order to encourage attorneys to pursue KCPA claims. They rely on *York*, 962 P.2d at 430, for the proposition that segregation of time is not required. In *York*, the trial court based the attorney-fee award on an expert witness's review of the attorneys' time entry logs to calculate how much time the attorneys spent prosecuting the KCPA claim. *Id.* Therefore, the attorney-fee award in *York* was based on the time spent on the KCPA claim, even though the

court found that the KCPA claim was inextricably intertwined with other claims. *See id.* Plaintiffs have not cited any legal authority authorizing a departure from established Kansas law requiring attorneys to segregate their time. *DeSpiegelaere*, 947 P.2d at 1044.

Next, although plaintiffs do not argue that their attorney segregated his time records, they contend that their KCPA claims were inextricably intertwined with their conversion claim.[3] The conversion claim concerned the disability insurance proceeds, while the successful KCPA claim was based on how plaintiffs' payments were applied to the two loan accounts. We conclude that plaintiffs have not demonstrated that the two types of claims were inextricably intertwined to warrant an award of attorney fees on the conversion claim. Based on this record, we find no abuse of discretion in the district court's attorney-fee award.

---

[3]  Plaintiffs do not argue that their KCPA claims were inextricably intertwined with their other claims, including those for a declaratory judgment for an accounting, intentional infliction of emotional distress, and RESPA violations. Although not made clear on appeal, we assume plaintiffs are requesting only those fees generated on the KCPA and conversion claims, as discussed in their attorney's offer of proof to the district court to support an allowance of attorney fees. Aplt. App. (appeal No. 06-3358), at 62-65.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge