NOT DESIGNATED FOR PUBLICATION

Nos. 120,551
121,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID C. JENSEN,
*Appellee*,

v.

LIGAYA MAGUIRE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; RYAN W. ROSAUER, judge. Opinion filed December 11, 2020. Affirmed.

*Tai J. Vokins* and *Krystal L. Vokins*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Lawrence, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.

PER CURIAM: What began as an odd real estate deal in which Plaintiff David Jensen agreed to buy an undeveloped tract of land from Defendant Ligaya Maguire-McMillan turned into a strange civil action with each party alleging the other breached the contract for sale. Following a bench trial, the Dickinson County District Court entered judgment for Jensen rescinding the contract and ordering Maguire-McMillan to return his earnest money. The district court later ordered Maguire-McMillan to pay Jensen's attorney fees, consistent with a term of the contract. Maguire-McMillan has appealed. We

1

find Maguire-McMillan has not identified any reversible error and affirm the district court.

## A CONDENSED FACTUAL AND PROCEDURAL HISTORY

Jensen and Maguire-McMillan entered into an agreement for the sale of the parcel of land in rural Dickinson County. Jensen was the buyer, and Maguire-McMillan was the seller. That much is undisputed. By the end of the litigation in the district court just about everything else had been called into question. For example, Jensen alleged he was led to believe he was buying 10 acres when the tract was actually about 6 acres. The district court ruled against Jensen on a fraud claim he premised on the discrepancy. And Jensen attached a written contract to his original petition and two amended versions of the petition. Maguire-McMillan filed an answer to only the second amended petition and in that pleading admitted the genuineness of the contract. But during her testimony in the bench trial, Maguire-McMillan denied the contract was what she had signed. The district court rejected that testimony as not credible and found the contract Jensen proffered to be what the parties agreed to. So we begin there.

The contract was signed February 26, 2014, with a closing date of January 1, 2016—a delay that is, itself, unusual. The record suggests Maguire-McMillan requested the lengthy gap because she had to take care of some unspecified issue before she could deliver a clear title. The contract set a purchase price of $25,000 with Jensen tendering earnest money of $2,500 that Maguire-McMillan was to deposit with an escrow agent. The district court found that Jensen paid the earnest money; Maguire-McMillan never argued otherwise. The contract itself states Jensen was to pay the balance of $22,500 on the closing date. But the contract also indicates the parties had a "financing addendum." The financing addendum signed the same day as the contract provided that Jensen would pay $75 a month toward the balance for 30 years with Maguire-McMillan carrying the unpaid amount without interest. The provision for seller financing required Jensen, as the

buyer, to tender a deed of trust and sign a note for $22,500. Various terms of the contract do not fit this transaction, since the form agreement was intended for the sale of a house.

The contract does not state when Jensen was to begin making monthly payments, sign the note, or present the deed of trust. We suppose a purchaser commonly would not be required to do those things before closing. As we explain, the transaction effectively fell apart before the closing date, so there never was a meeting to close. At the trial, Jensen testified he sent checks for 12 monthly payments to Maguire-McMillan but she never cashed the checks. Maguire-McMillan testified she never received any checks. Again, the district court credited Jensen's account and ordered Maguire-McMillan to return the checks if she still had them.

At trial, Jensen testified that he met with Maguire-McMillan and her husband on May 20, 2015, and asked for his earnest money back. According to Jensen, Maguire-McMillan refused and her husband said they didn't have the money. Maguire-McMillan testified no such meeting ever took place. The district court credited Jensen's account. Similarly, the district court discarded as not credible Maguire-McMillan's testimony that Jensen had agreed to tender the balance of the purchase price within 90 days after they signed the contract and if he did not, the deal would be off, so she could keep the earnest money.

The closing never took place. As we understand the record, Jensen neither took possession of the property nor exercised some sort of dominion over it. But he filed the sales contract with the Dickinson County Register of Deeds, potentially clouding Maguire-McMillan's title. Suffice it to say, the filing set off a series of actions and reactions that aren't directly relevant to this appeal. Still seeking the return of his earnest money, Jensen filed this action to rescind the contract and to recover for fraud on the theory the parcel of land was substantially smaller than what he agreed to purchase. After filing an unsuccessful motion to dismiss, Maguire-McMillan filed an answer to Jensen's

3

second amended petition. She later filed a motion for summary judgment the district court denied.

The district court heard the trial evidence in early November 2018 and issued its written ruling later in the month. The district court found that Maguire-McMillan had breached the contract and, therefore, rescinded the contract consistent with Jensen's requested relief. The district court ordered Maguire-McMillan to return Jensen's earnest money. The district court ruled in Maguire-McMillan's favor on the fraud claim.

As we have indicated, Jensen then filed a motion for his attorney fees and costs under a provision of the contract permitting an award to the party prevailing in litigation over a contractual "default." In a memorandum decision filed in early March 2019, the district court awarded Jensen $17,937.50 in attorney fees and $612.78 in costs and expenses.

Maguire-McMillan filed one notice of appeal from the district court's judgment on the contract and fraud claims and a second notice from the award of attorney fees to Jensen. We consolidated the appeals into a single proceeding. Jensen has not filed a brief with this court.

LEGAL ANALYSIS

On appeal, Maguire-McMillan raises four points: (1) the district court erred in denying her motion for summary judgment; (2) the district court improperly considered parol evidence regarding the contract terms; (3) the district court incorrectly found she breached the contract; and (4) the district court awarded Jensen too much in attorney fees. We take up those issues in turn and find none of them persuasive.

4

The district court denied Maguire-McMillan's motion for summary judgment, concluding there were disputed issues of material fact regarding the scope of what the parties had agreed to and in particular the inclusion of the financing addendum as part of the agreement. On appeal, Maguire-McMillan contends the district court erred in denying summary judgment for that reason. She argued then (and repeats now) that Jensen breached the contract because he did not tender a deed of trust within 30 days after they signed the agreement. In turn, Maguire-McMillan argues that breach relieved her of any further obligations under the contract. But Maguire-McMillan's argument is both procedurally and substantively flawed.

A party who has lost in a trial on the merits cannot successfully challenge that outcome by arguing the district court had erroneously denied his or her summary judgment motion based on a mistaken determination there were disputed material facts. *Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co.*, 51 Kan. App. 2d 459, 490, 350 P.3d 1091 (2015). The rule rests on two related principles. First, a denial of summary judgment is an interlocutory ruling and, thus, typically does not represent an appealable order. Second, and more importantly perhaps, the judicial process gives primacy to the full airing of the facts in a trial where witnesses testify in person and are subject to cross-examination in contrast to the disembodied factual record on summary judgment consisting of affidavits, deposition excerpts, and other shards of discovery materials. See 51 Kan. App. 2d at 490; *RAMA Operating Co., Inc. v. Barker*, 47 Kan. App. 2d 1020, 1038, 268 P.3d 1138 (2012) (Atcheson, J., concurring) ("A practice that elevates the dueling affidavits and deposition excerpts of summary judgment over the actual fact-finding of a jury (or a judge) after seeing witnesses and hearing evidence might be questioned as unwise or as lacking due respect for the trial process.").

Those sound procedural considerations aside, Maguire-McMillan's argument rests on a substantive misreading of the financing addendum to the contract. Neither the contract nor the addendum fixes a time for the tender of the deed of trust. The 30-day

5

period Maguire-McMillan cites imposes a deadline on the buyer to obtain a loan commitment from a third-party lender. The boilerplate provision has no application when the seller finances the purchase, as the financing addendum states Maguire-McMillan agreed to do. The form documents contain language for both third-party financing and seller financing—mutually exclusive options—with the expectation the contracting parties will clearly elect one or the other.

In short, Maguire-McMillan cannot extract from the district court's summary judgment ruling a nugget requiring reversal of the judgment entered for Jensen based on the evidence presented during the bench trial.

For her second point on appeal, Maguire-McMillan offers a convoluted argument that the district court considered parol evidence to alter the contract terms to her disadvantage. The district court concluded the closing date was selected to accommodate Maguire-McMillan's need to clear up a problem with the title to the land. Maguire-McMillan contends that's an improper use of parol evidence. The parol evidence rule excludes the parties' negotiations and other communications about a contract to alter the otherwise unambiguous terms of the contract. See *Bouton v. Byers*, 50 Kan. App. 2d 34, 46, 321 P.3d 780 (2014). Here, the district court simply made a finding as to why the parties set the closing date as they did. It did not alter the clause on closing, so there was no misuse of parol evidence to vary the contractual terms.

Based on that faulty premise, Maguire-McMillan then tries to link the purportedly improper parol evidence to an argument Jensen breached the contract by failing to timely obtain outside financing for the purchase price. But that aspect of the argument independently falters because the contract and the financing addendum the district court found to be the agreement of the parties called for Maguire-McMillan to carry the balance of the purchase price. Jensen, therefore, had no need to seek or obtain third-party financing. The district court did not err in this respect.

6

Maguire-McMillan next argues there was no evidence she breached the contract. The district court identified what it considered several breaches shown in the trial evidence it credited. We focus on one the district court mentioned less prominently than the others simply because it is a material breach that would excuse further performance from Jensen and, therefore, amply supports his claim for rescission. At the meeting on May 20, 2015, Maguire-McMillan refused to release Jensen's earnest money and adopted her husband's admission that they did not have the money to return. The exchange showed that Maguire-McMillan did not deposit the money with an escrow agent as required under the contract and instead converted and dissipated the funds. That constitutes a material breach of the contract.

Finally, Maguire-McMillan takes issue with the award of attorney fees. At a hearing on the fee request, Jensen's lawyers submitted their employment contract with Jensen and contemporaneous billing records for their work. Those documents, however, are not part of the record on appeal. Maguire-McMillan contends the work the lawyers did on the unsuccessful fraud claim should be excluded from any attorney fee award based on the contractual provision covering defaults. And she makes a cognate argument that the billing records did not meaningfully differentiate work done on the fraud claim from work done on the breach of contract claim, so the fee award should have been substantially reduced or denied.

The amount of a contractual or statutory attorney fee award ultimately rests in the district court's sound discretion. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009); *Johnson v. Westhoff Sand Co., Inc.*, 281 Kan. 930, 940, 135 P.3d 1127 (2006). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296

7

P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Appellate courts typically afford wide latitude to trial judges in awarding attorney fees because they have a long and deep involvement in the cases—a vantage point we lack. This is such a case.

The district court concluded the work done to advance Jensen's breach of contract claim was inextricably bound up with the work on the fraud claim, so no reduction in the requested fee award was warranted. With interlocking claims, a district court need not reduce an attorney fee request to account for unsuccessful claims or successful claims that would not support a fee award. See *DeSpiegelaere v. Killion*, 24 Kan. App. 2d 542, Syl. ¶ 2, 947 P.2d 1039 (1997). Although the requisite connection between Jensen's contract and fraud claims isn't patently apparent to us, we find no abuse of the district court's broad discretion in awarding attorney fees.

We would be particularly reluctant to do so here because the billing records from Jensen's lawyers are not in the appellate record. We have no way to evaluate the work the lawyers did on the respective claims, the time they spent on those tasks, or the degree to which they may have overlapped. Because of that omission, we cannot assess Maguire-McMillan's contention the billing records are glaringly inexact on those matters. As the party bringing this appeal, Maguire-McMillan had an obligation to furnish a record supporting any claimed errors. See *In re K.M.H.*, 285 Kan. 53, 82-83, 169 P.3d 1025 (2007) (party has duty to furnish sufficient record on appeal to permit review of issues raised). On this point, she has not.

Having considered Maguire-McMillan's appellate arguments, we find no reason to reverse either the district court's judgment in favor of Jensen on his breach of contract claim or the later award of contractual attorney fees to him.

Affirmed.